■ In the Matter of the Estate of ELSIE H. MARKS, Deceased. THEODORE J. MARKS et al., Appellants; AARON D. SAMUELS et al., as Executors of ELSIE H. MARKS, Deceased, et al., Respondents.— In a proceeding in which the executors' proposed sale of real property has been judicially approved (*Matter of Marks,* 28 A D 2d 851, affd. 21 N Y 2d 999), the distributees appeal from two orders of the Surrogate's Court, Nassau County, dated November 21, 1968 and May 16, 1969, respectively, (1) the first denying a motion (a) to stay further proceedings by the executors relating to the sale and (b) to withdraw the judicial approval of the sale, and (2) the second denying a motion to direct the executors to cancel the contract of sale because of the buyer's failure to perform. Orders reversed, on the law, the facts and in the exercise of discretion, and matter remitted to the Surrogate's Court for further proceedings not inconsistent with the views expressed herein, with costs as between appellants and respondent Jomatt Construction Corp. to abide the event. Paragraph "10" of the rider to the contract of sale herein clearly obligated the purchaser to apply in good faith to the appropriate authorities for approval to construct "the maximum amount of garden apartment units allowable". Since the purchase price was contingent upon the number of units for which approval would ultimately be obtained (that is, the minimum purchase price of $72,000 was to be increased by $2,400 for each unit approved in excess of 30), paragraph "10" was for the sellers' benefit; and performance by the purchaser thereunder could not, therefore, be waived by the purchaser (see *Woodlark Constr. Corp.* v. *Callahan,* 275 App. Div. 857; *1490 Realty Corp.* v. *McCabe,* 77 N. Y. S. 2d 482, affd. 273 App. Div. 997; cf. *South Shore Skate Club* v. *Fatscher,* 17 A D 2d 840). We do not regard the Village of Farmingdale's letter of March 20, 1968 as sufficient proof of the purchaser's performance in good faith under paragraph "10". The language thereof does not serve to exclude the possibility, as charged by appellants, that the plot plan submitted by the purchaser misstated the true dimensions of the tract and/or that the apartment units depicted in the plan exceeded in area the minimum required by the applicable zoning ordinance. Although the best evidence of the contents of the plot plan submitted is the plan itself, the purchaser has failed to produce it. Under the circumstances, the matter should be remitted for a hearing on the question of whether the purchaser in good faith applied for approval for the maximum number of units allowable. If the purchaser did not do so, the sellers are not required to perform under the contract. Christ, Acting P. J., Benjamin, Martuscello and Kleinfeld, JJ., concur; Rabin, J., dissents and votes to affirm the orders.