■ In the Matter of the Estate of ELSIE H. MARKS, Deceased. AMELIA M. OWENS, Appellant; JOMATT CONSTRUCTION CORP., Respondent.—In a proceeding for advice and direction as to the sale of real property, petitioner appeals from an order of the Surrogate's Court, Nassau County, dated June 18, 1975, which, after a hearing, *inter alia,* ordered the executors of the estate to convey title to certain premises to respondent in accordance with the provisions of a certain contract. Order affirmed, with costs payable to respondent by petitioner. In our prior decision in this proceeding we remitted the matter to the Surrogate's Court for further proceedings on the question of whether respondent had made a good faith application to the appropriate authorities for approval to construct the maximum number of garden apartments allowable under the local zoning ordinance, in accordance with the contract of sale between respondent and the executors *(Matter of Marks,* 33 AD2d 1029). We did so because of the failure of the respondent to present a plot plan at that time. We now have before us the plot plans which respondent submitted to the Village of Farmingdale, which were found unacceptable, and we now agree with the Surrogate that the required good faith application was made. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of ELENA R. et al. COUNTY OF ORANGE, Respondent; WILLIAM R. et al., Appellants.—In a proceeding pursuant to article 10 of the Family Court Act, the parents of the allegedly neglected children appeal from an order of the Family Court, Orange County, dated January 13, 1976, which, after a hearing, made permanent a prior order of the same court, dated September 3, 1975, which directed removal of the children from the appellants' household. Order affirmed, without costs or disbursements. While we do not commend the court's action in excluding the parents from the courtroom during the testimony of the crucial witness, we do not find that their constitutional right to confront adverse witnesses was violated by such exclusion. While we believe that other, perhaps less drastic, measures could and should have been utilized, we cannot say that the method employed constituted reversible error. Even if the right to confront adverse witnesses extends to neglect proceedings, an issue as to which we make no finding, that right would not have been violated under the circumstances here presented. The dual purposes of this right are to permit (1) cross-examination of the adverse witness *(Pointer v Texas,* 380 US 400; *Douglas v Alabama,* 380 US 415) and (2) the trier of fact to observe the witness' demeanor *(Douglas v Alabama, supra).* Here, the parents' counsel conducted a spirited and skilled cross-examination. The appellants each testified, and it was apparent from the nature of their testimony that, had they been in the courtroom, there was little they could have done to improve counsel's cross-examination. Further, the witness at all times testified before the trier of fact. It is apparent, then, that none of the intended benefits of the right to confront adverse witnesses was denied the parents here. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.