■ BPL DEVELOPMENT CORP., Respondent, v MILTON CAPPEL et al., Appellants. — In an action for specific performance of a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Derounian, J.), entered April 10, 1981, which, after a nonjury trial, *inter alia,* directed them to deliver to the plaintiff a deed to the property in question. Judgment affirmed, with costs. On March 3, 1980, the defendants entered into a contract to sell real property to the plaintiff. Paragraph 8 of the rider to the contract provides as follows: "This contract is conditional upon the purchaser obtaining approval of a proposed subdivision from the City of Glen Cove and other governmental approvals necessary to file a map in the Nassau County Clerk's Office for the subdivision of the subject property in conformity with the R-4 Zone (1 & 2 family houses) of the City of Glen Cove for Lot 71, using the existing 25 foot entrance as an access street to the new development by May 19, 1980. If the purchaser is able to receive such approvals to file a subdivision map covering the subject property within said period of time, the parties shall close title as purchaser and seller according to the terms of this contract within 15 days after the filing of said map in the Office of the Clerk of the County of Nassau. If purchaser is unable to obtain said approvals and to file said map with the Clerk of the County of Nassau within said period of time, then either party shall have the right to cancel this contract and upon such cancellation the attorney for the seller shall return the down payment paid hereunder and the parties shall have no further rights one as against the other." Thereafter, the plaintiff applied to the Glen Cove Planning Board for subdivision approval. On April 1, 1980, the planning board granted plaintiff a conditional approval, deeming the subdivision a "minor subdivision". Upon learning of the conditional approval, the plaintiff notified the defendants of its desire to close and the closing was set for May 19, 1980. On the morning of the date set for closing, one of the plaintiff's agents approached defendant Milton Cappel and informed him that the plaintiff was ready, willing and able to close. Mr. Cappel replied that he did not yet have an attorney and that he was going to see one that day. The same day defendants' attorney notified plaintiff that the contract was canceled because subdivision approval was not obtained. The plaintiff then commenced the instant action for specific performance of the contract. Special Term, in granting judgment in favor of the plaintiff, held that since the condition in paragraph 8 of the rider was for the benefit of the purchaser, its terms could be waived by the purchaser. We agree. The language of paragraph 8 was designed to protect the plaintiff, a land developer, from having to purchase the property if the planning board refused to approve the proposed subdivision. This being so, when the planning board notified the plaintiff that conditional approval had been granted, plaintiff could proceed to close if it deemed the approval to satisfy the paragraph, which had been inserted for its benefit. The fact that the paragraph provided that the sellers could also cancel the contract if the necessary approvals were not obtained does not change the result. The clear intent of the parties, as expressed in the contract, was to set a time limit on plaintiff's efforts to obtain subdivision approval. Thus, regardless of whether subdivision approval was obtained, since the plaintiff was ready, willing and able to close by the date set in the contract, the defendants did not have the right to cancel (see *Spuches v Royal View,* 13 AD2d 815). Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.