■ POQUOTT DEVELOPMENT CORP., Appellant, v WILLIAM JOHNSON et al., Respondents. — In an action by a contract vendee for specific performance of a contract for the sale of real property, plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Luciano, J.), dated May 16, 1983, which denied its motion for summary judgment and granted defendants' cross motion for summary judgment, and (2) an order of the same court, dated August 12, 1983, which denied plaintiff's motion to renew.

Order dated August 12, 1983, reversed, motion to renew granted and upon renewal the order dated May 16, 1983 is vacated, and the motion and cross motion for summary judgment are denied.

Appeal from the order dated May 16, 1983 dismissed as academic in light of the determination on the appeal from the order dated August 12, 1983.

Plaintiff is awarded one bill of costs.

On June 30, 1981, plaintiff entered into a contract to buy from the defendants property identified as lots 1 through 5 on a map entitled "preliminary Map of Hilltop Estates". The sale was conditioned upon the purchaser securing final subdivision approval of eight lots shown on the preliminary map, which included two lots to be retained by the defendants and one lot previously sold by them to a third party. The contract also should be canceled by either party if subdivision approval were not obtained within eight months. When less than six months had expired and plaintiff had only obtained preliminary and not final subdivision approval, defendants requested that title close on or before December 30, 1981. At the closing, plaintiff produced a second map containing somewhat different boundary

lines from the original map because the actual existing roadbed was located 30 feet north of the road shown on the original map. As a result, the lots on the second map had less depth and greater width than those on the original. On the second map, one of the lots the defendants were to retain was shown as encumbered with a fee right of way across it. As a result of the dispute that then ensued, title did not close. While defendants claim that they had insufficient time to study the second map and objected to the boundary changes and the fee right of way, plaintiff asserts that the only objection raised by defendants was the fee right of way and that the map was acceptable to the defendants if the right of way was changed to an easement. On January 15, 1982, a third map was prepared with the right of way shown as an easement rather than a fee interest. Although the planning board was prepared to hold a hearing on the third map on March 11, 1982, defendants apparently withdrew their consent to the subdivision, and on March 22, 1982, elected to rescind the contract on the grounds that final subdivision approval had not been obtained within the eight months specified in the contract, that approval of the subdivision map would encumber lot 7 with an easement, and that the lots on the map differed in dimension, area and location from the original map. Special Term subsequently denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment. We conclude that summary judgment should not have been granted.

While conditions relating to subdivision approval in a real estate contract are usually for the benefit of the purchaser, who can waive them if he so desires (*BPL Dev. Corp. v Cappel,* 86 AD2d 591; see *Poteralski v Colombe,* 84 AD2d 887), approval of the instant subdivision was for the benefit of the sellers as well since certain lots shown in the plat were to be retained by them. Thus, the condition relating to subdivision approval could not be waived unless both parties agreed (see *Matter of Marks,* 33 AD2d 1029; *Woodlark Constr. Corp. v Callahan,* 275 App Div 857; *1490 Realty Corp. v McCabe,* 77 NYS2d 482, affd 273 App Div 997, mot for lv to app den 274 App Div 782) or unless there was a waiver by conduct. In this respect, Special Term failed to consider the claim that the sellers waived the condition by seeking to close after the planning board conditionally approved a preliminary plat. An issue of fact exists as to whether defendants waived the contractual condition (see *BPL Dev. Corp. v Cappel, supra; Poteralski v Colombe, supra;* see, also, *De Freitas v Holley,* 93 AD2d 852).

We also discern a fact issue in the dispute as to whether lots 1 through 5 on the second map contained more acreage than they

did in the original map. While the boundary lines on the maps differed because of the need to accommodate the location of the roadway, plaintiff argued that the size of each lot being purchased remained two acres in area as it had been before, while defendants responded that the changes in the map gave the plaintiff an extra quarter acre. A final issue seems to involve defendants' alleged acquiescence in the changes in the maps made by the plaintiff, both in failing to raise any objection to the boundaries of the new map and in agreeing to grant an easement of way across lot 7.

These circumstances mandate a trial. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.