■ LOUIS BONAVITA & SONS, INC., Respondent, v WINIFRED QUARRY, Appellant.—In an action for specific performance of a contract to convey real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Stark, J.), dated February 6, 1985, which denied her motion for summary judgment.

Ordered that the order is reversed, on the law, without costs or disbursements, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

By contract dated July 11, 1983, the defendant agreed to convey a portion of certain land owned by her to the plaintiff. The contract of sale provided that defendant would have the right to cancel the contract if, prior to July 11, 1984, the plaintiff had not yet obtained final approval of the proposed subdivision from the Planning Board of the Town of Huntington. The contract also provided, however, that the plaintiff would be entitled to a "reasonable extension [of time] not to exceed 90 days", if final approval had not been obtained by that date. The evidence contained in the record on appeal establishes that the plaintiff had not obtained such approval within the one-year-and-90-day limit set forth in the contract.

On October 31, 1984, the defendant exercised her right to

cancel the contract by notifying the plaintiff of her cancellation and returning its deposit. The plaintiff thereafter brought this action for specific performance. The defendant made a motion for summary judgment, which was denied by Special Term. We reverse, and grant the motion.

Ordinarily, a contract purchaser may waive a condition precedent to the seller's obligation to perform where such condition is solely for the benefit of the purchaser. Thus, where a seller's obligation to convey the property is conditioned on the buyer's obtaining approval for a proposed subdivision relative to the property conveyed, the buyer may waive the condition, and compel specific performance of the contract notwithstanding the failure to fulfill that condition (see, BPL Dev. Corp. v Cappel, 86 AD2d 591). However, where, as in the case under review, the seller is to retain one or more of the lots to be included in the subdivision, the condition may not be waived without the assent of the seller (see, Poquott Dev. Corp. v Johnson, 104 AD2d 442). In this case, there is no evidence that the defendant consented to a waiver of the condition. Therefore, performance of the condition was not excused, and the defendant had the absolute right to cancel the contract.

In light of this determination, we need not address the remainder of the issues raised on appeal. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.