LIEBERMAN PROPERTIES, INC., Respondent, v AARON BRAUN-
STEIN et al., Appellants.

Second Department, December 28, 1987

## APPEARANCES OF COUNSEL

*Dollinger, Gonski, Grossman, Permut & Hirschhorn (Matthew Dollinger* of counsel), for appellants.

*Certilman Haft Lebow Balin Buckley & Kremer (David I. Rosenberg* and *Russell A. Blanck* on the brief), for respondent.

## OPINION OF THE COURT

BROWN, J.

The plaintiff in this action as contract vendee, seeks specific performance of a contract for the sale of a portion of a parcel of real property which is the subject of a pending application

for subdivision approval. In its complaint, the plaintiff demands, *inter alia,* that the defendants be compelled to consent to and cooperate in the subdivision application process, and that they be directed to grant plaintiff and its agents access to the property in order to conduct inspections and tests required in connection with the application.

The record reveals that in November 1982 the defendants, the owners of an approximately 4.8-acre parcel of waterfront property in Kings Point, had a survey conducted for a potential subdivision of their property into four separate parcels. The property straddles East Shore Road and the survey divided the property into four parcels designated A, AA, B and BB, with parcels A and B lying on one side of the road and AA and BB lying on the other side. On December 14, 1982, the defendants contracted with the plaintiff's assignor for the sale of parcels B and BB of the proposed subdivision. The contract provided that the sale was conditioned upon, among other things, the approval of the proposed subdivision by the Village of Kings Point and it called for a closing within 20 days following that approval. The contract also required defendants to give all necessary consents to enable the purchaser to conduct such tests as might be required in connection with the subdivision application.

At a meeting of the Village Planning Board (hereinafter the board) on January 25, 1983, the plaintiff was instructed by the board to obtain certain information and to perform certain tests relating to the existing cesspool and sanitary system. The board also indicated that it would only consider a subdivision of the property into two parcels and would insist that a restriction be placed upon further subdivision of either parcel.

While the defendants had initially cooperated in the application process, by mid-February 1983 they began to exhibit some dissatisfaction with the process and informed the plaintiff that the "closing date" of March 14, 1983 was approaching and that they wished to resolve the matter. Then by letter dated March 16, 1983, the defendants indicated to the plaintiff that, notwithstanding the "unsatisfactory" status of the subdivision application, they would still afford the plaintiff an opportunity to close, and that if the plaintiff was not willing to do so at that time, they would have no alternative but to declare the contract null and void.

In a letter dated March 29, 1983, the plaintiff's counsel pointed out to the defendants' counsel that nowhere in the

contract of sale was March 14, 1983 set as a closing date. He further stated that his client was taking all reasonable steps to obtain subdivision approval, but claimed that the defendants' failure to give permission for the plaintiff's agents to enter upon the property to obtain the information required by the board regarding the location of the cesspool was delaying the approval.

By letter dated April 1, 1983, the defendants declared the contract null and void. The plaintiff responded that it considered the contract to still be in full force and effect, that it intended to enforce its rights under the contract, and that if the defendants failed to cooperate, it would pursue whatever legal remedies were available. Evidence presented at the trial reveals that following their letter dated April 1, 1983, the defendants refused to allow the plaintiff's agents access to the premises.

The plaintiff appeared before the board again on April 11, 1983, and informed that body that it had complied with all of the recommendations made by the board at the January 25, 1983 meeting, with the exception of locating the cesspool, and that it intended to take whatever legal steps were necessary to comply with the board's conditions. The board, at that time, reaffirmed that it could not grant preliminary approval to the plaintiff unless it obtained information on the sanitary system and that it would not approve any application for a subdivision unless it received the covenants against further development of the property.

Thereafter, in May 1983, following a rejection of its demand for access to the premises, the plaintiff commenced the instant action.

Following a nonjury trial, the Supreme Court granted the plaintiff's request for specific performance of the contract and directed the defendants to consent to the application for a subdivision, and, further, directed them to allow the plaintiff and its agents to enter upon the property to obtain necessary data and make necessary tests in connection with the application. In its memorandum decision, the court also specifically found that the contract of sale did not require that all proceedings before the board be completed within 90 days.

■ We agree with the Supreme Court that the plaintiff is entitled to judgment directing the defendants to perform their obligations under the contract of sale by continuing to give their consent to the application for subdivision approval and

by cooperating with the plaintiff and its agents in allowing access to the premises to collect data requested by the board in connection with the subdivision application. The agreement clearly requires that the defendants cooperate with the plaintiff in obtaining the necessary data for approval of the subdivision and the record supports the finding that the defendants failed to cooperate by not permitting the plaintiff's agents and the water department access to their property for the purpose of locating and testing the sanitary system. The failure to cooperate was a violation of the terms of the agreement and the plaintiff was entitled to enforcement of those provisions.

Similarly, we agree with the Supreme Court that the contract does not require that all proceedings before the board be completed within 90 days of the execution of the contract. Therefore, the plaintiff's failure to obtain the required approvals within 90 days did not void the contract and the defendants continued to be obligated thereunder.

■ Where we depart from the Supreme Court, however, is over the scope of the judgment granting specific performance and the direction that the defendants continue to consent to the subdivision approval process. Based upon the present record, the defendants could not be bound indefinitely to the contract and ultimately compelled to specifically perform. Rather, their obligation to cooperate and to perform can only be enforced for a reasonable period of time. Accordingly, the provisions of the judgment granting specific performance must be vacated.

It is fundamental that where a contract for the sale of real property fails to designate a closing date, the court will construe the contract to require that the closing be held within a reasonable time *(Cohen v Kranz,* 12 NY2d 242; *N. E. D. Holding Co. v McKinley,* 246 NY 40; 1 Rasch, Real Property Law and Practice § 946; 62 NY Jur, Vendor and Purchaser, § 37). Indeed, even where the parties specify a particular date for closing, absent a provision that time is of the essence, the court will still allow the parties a reasonable time within which to perform their respective obligations under their contract *(Grace v Nappa,* 46 NY2d 560, 565, *rearg denied* 47 NY2d 952).

At bar, the agreement between the parties did not provide for a specific date for closing. It required only that the closing occur within 20 days following approval of the proposed subdivision. Thus, the court, upon remittitur, must determine

what, under the circumstances, is a reasonable time within which the approval must be obtained. In reaching that conclusion, the court may take into consideration such factors as the parties' understanding, the manner in which the proceedings before the board were pursued, and the defendants' conduct in frustrating the plaintiff's efforts. Beyond that, and assuming that a reasonable period of time had not expired, any granting of specific performance would still be dependent upon the plaintiff complying with the condition precedent (i.e., obtaining approval of the proposed subdivision). A party who seeks specific performance must prove that he has substantially performed his obligations within the time specified in the contract or within a reasonable time thereafter and that he is ready, willing and able to perform those obligations not yet performed *(Hadcock Motors v Metzger,* 92 AD2d 1).

Generally, where a seller's obligation to convey a parcel of property is subject to the buyer's obtaining approval for a proposed subdivision, the buyer may waive the condition if it is solely for his benefit and compel specific performance notwithstanding the failure of that condition *(see, BPL Dev. Corp. v Cappel,* 86 AD2d 591, *lv denied* 56 NY2d 506). Where, however, as at bar, the seller himself is to retain a portion of the property which is to be included in the subdivision, compliance with the condition precedent must be waived by both parties *(Bonavita & Sons v Quarry,* 126 AD2d 707, *lv denied* 69 NY2d 607). Thus, the plaintiff's entitlement to specific performance must still be conditioned upon its obtaining approval from the board. As long as the plaintiff seeks specific performance, it may not be relieved from complying with the condition precedent, even though the defendants attempted to repudiate the contract *(see, Bowen v Horgan,* 259 NY 267). By the same token, however, the defendants cannot be heard to complain of the plaintiff's failure to satisfy the condition during a period in which their conduct hindered the plaintiff's ability to perform *(see, Cutler v Konover,* 81 AD2d 571, *affd* 55 NY2d 891).

In light of our reasoning above relating to the effect of the lack of a specific time period for performance of the condition precedent, it follows that in the event the plaintiff is not able to secure approval for the proposed subdivision within a reasonable time, the defendants retain the absolute right to cancel the contract. As they argue, the defendants cannot be compelled to abide by the contract for an indefinite period of time while the plaintiff attempts to secure the requisite ap-

proval. We would note, however, in this regard, that it has been brought to our attention through correspondence prior to oral argument and also by representations made thereat, that the board has granted preliminary approval for the subdivision. That occurrence, while outside the scope of this record, is nevertheless a factor to be considered upon remittitur in evaluating whether, under the circumstances, the plaintiff has performed or is diligently attempting to perform within a reasonable period of time.

■ Finally, we would point out that the defendants' obligation under the contract to cooperate in the subdivision approval process does not extend to joining in a covenant not to further subdivide the property. The imposition of any such condition upon the approval of the subdivision proposal would, subject to a waiver by the defendants, effectively amount to a failure of the condition precedent and serve as a bar to specific performance. Therefore, the defendants' third affirmative defense which, in essence, asserts that the defendants may not be compelled to accept the imposition of restrictions upon their property which are not part of the contract, should be reinstated.

Accordingly, the judgment insofar as it unconditionally grants specific performance to the plaintiff must be set aside and the matter remitted for further proceedings consistent herewith to determine whether the plaintiff has performed, or is attempting with due diligence to perform, its obligations under the contract within a reasonable time, and for resolution of the defendants' third affirmative defense.

THOMPSON, J. P., BRACKEN and EIBER, JJ., concur.

Ordered that the judgment is modified, by deleting the first, fourth, fifth, sixth, seventh, eighth and ninth decretal paragraphs thereof which compel specific performance, and so much of the second decretal paragraph as dismisses the defendants' third affirmative defense; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.