(June 20, 1988)

■ ARMSTRONG PROPERTIES, INC., Appellant, v PETER GLASSO, Respondent.—In an action for specific performance of a contract to sell real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated April 2, 1987, as denied its cross motion for summary judgment, and, upon searching the record, dismissed the complaint on condition that the defendant refund certain moneys to the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant owns two contiguous parcels of real property in the Village of Old Westbury. In a contract dated August 31, 1984, the defendant contracted to sell one of these lots to the plaintiff. Paragraph 25 of the contract provided, in pertinent part, that "Seller represents that the conveyance of the subject property * * * shall be a legal building plot upon which the Purchaser may construct a one-family dwelling subject to

the ordinance and building code of the Incorporated Village of Old Westbury".

The contract provided for closing on March 15, 1985, but the closing was apparently adjourned by the parties. In April 1985 the plaintiff was informed by the village's Superintendent of Public Works that he could not issue a building permit for a single-family dwelling on the subject lot unless a variance was obtained. The plaintiff thereafter sought to modify the contract to provide that if a variance could not be obtained, the defendant would take back the property and refund the purchase price. The defendant refused to make this modification, claiming that a variance was unnecessary. In the alternative, the defendant offered to terminate the contract by refunding the plaintiff's "down payment and the cancellation cost of the title examination and cost of survey" pursuant to paragraph 20 of the contract. When the plaintiff refused the defendant's offer of termination, the defendant set May 10, 1985 as a closing date. On the closing date, the defendant attended, but the plaintiff did not attend. Instead, the plaintiff commenced this action seeking to have the defendant specifically perform the contract by conveying a legal building plot.

We agree with the Supreme Court that the plaintiff was not entitled to specific performance of the contract. Assuming, arguendo, that a variance was necessary in order for the subject property to constitute a legal building plot, the contract did not require the defendant to obtain such a variance. Further, paragraph 20 of the contract provided that if the defendant was unable to transfer title in accordance with the contract, his sole obligation was to refund all moneys paid by the plaintiff on account of the contract, plus all the costs of the title examination and the survey. The Supreme Court therefore properly ordered dismissal of the complaint on condition that the defendant make the aforementioned refund (see, Shepard v Spring Hollow, 87 AD2d 126, lv denied 58 NY2d 610). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.