■ ROBERT PRAVER, Appellant, v REMSEN ASSOCIATES, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from so

much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated June 21, 1988, as denied his motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

By contract dated May 30, 1986, the defendant Remsen Associates agreed to convey a portion of a parcel of land owned by it to the plaintiff. The contract provided in pertinent part that the defendant would have the right to cancel the contract if it had not obtained final approval of the proposed subdivision by January 15, 1987, "[i]t being understood that the condition is for the benefit of the Purchaser".

On January 16, 1987, the defendant exercised its option to cancel the contract by notifying the plaintiff of its cancellation and refunding the plaintiff's down payment as provided by contract. Thereafter, the plaintiff brought this action for specific performance and, based upon both parties' submissions, moved for summary judgment in his favor on the first cause of action set forth in the complaint. The Supreme Court denied the plaintiff's motion and this appeal followed.

Ordinarily a contract vendee, such as plaintiff, may waive a condition precedent to the seller's obligation to perform, where the condition is solely for the benefit of the purchaser. Therefore, under the general rule the plaintiff could have waived the condition, if solely for his benefit, and compelled specific performance of the contract *(see, BPL Dev. Corp. v Cappel,* 86 AD2d 591, *lv denied* 56 NY2d 506). However, where, as here, the seller is to retain one or more of the lots to be included in the subdivision, "the condition may not be waived without the assent of the seller" *(Bonavita & Sons v Quarry,* 126 AD2d 707, 708, *lv denied* 69 NY2d 607; *Poquott Dev. Corp. v Johnson,* 104 AD2d 442). There is no evidence in the record that the defendant seller consented to the waiver. Under these circumstances the court properly denied the plaintiff's motion for summary judgment as the defendant retained the right to cancel the contract when the outside date passed without the condition being satisfied. However, we agree with the Supreme Court's conclusion that factual issues exist regarding whether the defendant acted in good faith in attempting to timely obtain subdivision approval as required by the contract. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.