■ LYNLIL LAND DEVELOPMENT CORPORATION, Appellant, v PATSY DELUCA et al., Respondents.—In an action for specific performance of a contract for the conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Putnam County (Dickinson, J.), dated July 20, 1988, which denied its motion for summary judgment, granted the defendants' cross motion for summary judgment, and dismissed the complaint.

Ordered that the order is affirmed, with costs.

By contract dated June 6, 1986, the plaintiff Lynlil Land Development Corporation (hereinafter Lynlil), agreed to purchase the defendants' real property located on the westerly side of Agor Lane in Mahopac. Paragraph 3 of the second rider to the contract obligated Lynlil to make an immediate

application for 49 units of " 'cluster housing' " on the westerly side of the property. The second rider also gave Lynlil a 90-day option to purchase property on the easterly side of Agor Lane. The option ran from the date of closing of title on the westerly parcel. With respect to the option, paragraph 14 of the second rider to the contract provides, *inter alia,* that: "Under no circumstances, should the option to purchase the property on the easterly side become effective until after [Lynlil obtains] approval of the cluster housing on the property located on the westerly side and that the title to the property on the westerly side is closed".

By virtue of paragraphs 2 and 6 of the second rider, the defendant sellers retained portions of property on both the easterly and westerly parcels.

Paragraph (D) of the second rider grants Lynlil the "unconditional right" to cancel or rescind the agreement if it failed to obtain cluster approval for 49 lots within 18 months of the contract date. Other paragraphs in the rider of the contract obligate Lynlil to obtain approval of the cluster housing "or such other approval as [it] can obtain".

Title to the westerly parcel was conveyed on December 26, 1986. On March 4, 1987, Lynlil attempted to exercise its option on the easterly parcel, and it appears that as of that date, it had submitted an application for a 38-lot conventional subdivision. The defendants rejected Lynlil's attempted exercise of the option on the ground that Lynlil failed to meet the condition precedent of cluster housing approval. After the defendants canceled the option to purchase the easterly parcel, Lynlil brought this action for specific performance.

Contrary to Lynlil's claims that the cluster approval provision was inserted solely for its benefit and that alternative forms of housing were contemplated by the parties, we agree with the Supreme Court's determination that the condition precedent of cluster approval as contained within paragraph 14 was also intended to benefit the defendant sellers who retained parcels on the easterly and westerly portions of the property.

Although paragraph (D) of the second rider grants Lynlil an absolute right to cancel or rescind the contract if cluster approval is not obtained within 18 months, this 18-month time period could only be applicable if Lynlil failed to exercise its option to purchase the easterly parcel. This construction is supported by the fact that if Lynlil exercised its option to purchase the easterly portion, paragraphs 5, 9, 11, 14 and 17

accelerated and shortened the time it had to obtain cluster housing approval.

Considering the obligation imposed by paragraph 3 of the second rider that Lynlil make an "immediate" application for cluster housing, the mandatory nature of the condition precedent within paragraph 14, the accelerated time period for obtaining cluster approvals in the event the option was exercised, and the fact that the sellers retained parcels on the easterly and westerly parcels, the contract and riders as a whole indicate that the condition precedent of cluster housing approval was also intended to benefit the defendant sellers, and it could not be waived without their assent *(see, Praver v Remsen Assocs.,* 150 AD2d 540, 541; *Bonavita & Sons v Quarry,* 126 AD2d 707, 708; *see also, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). There is absolutely no evidence that the defendants ever hindered Lynlil's ability to make an application for cluster housing, or that the defendants waived the condition precedent to the option on the easterly parcel *(cf., Lieberman Props. v Braunstein,* 134 AD2d 55, 57; *Poquott Dev. Corp. v Johnson,* 104 AD2d 442, 443). Therefore, performance of the condition was not excused, and the defendants had the absolute right to cancel the option to purchase the easterly parcel. As a result, the Supreme Court properly granted the defendants' cross motion for summary judgment.

We have considered the plaintiff's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.