■ RICHARD J. SAVINO, Respondent-Appellant, v JOHANNA DELEYER, Also Known as JOANNA DELEYER, Appellant-Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, (1) the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated March 17, 1989, as stated "unless purchaser is prepared to accept title at this juncture without the necessary sub-division approval", and (2) the plaintiff cross-appeals from so much of that order as denied his motion for partial summary judgment so as to, *inter alia,* compel the defendant to cooperate with him in obtaining subdivision approval for the property.

Ordered that the appeal is dismissed, without costs or disbursements *(see,* CPLR 5511); and it is further,

Ordered that on the cross appeal, the order is affirmed, without costs or disbursements.

In July 1980, the defendant contracted to sell two acres of her 32-acre parcel to the plaintiff. The contract of sale provided that the seller was to convey marketable title, and that the property was being conveyed subject to applicable zoning regulations and ordinances "which are not violated by existing structures, or the present use or maintenance thereof". The contract also contained a provision limiting the seller's liability in the event of an inability to convey title in accordance with the contract to a refund of the buyer's deposit plus the cost of examining title. This limitation was not to apply where the seller committed a willful default. The parties agree that without approval from the Planning Board of the Village of Nissequogue the subdivision would be in violation of the zoning ordinance. The defendant applied to the Planning Board for approval, but the application was subsequently dismissed due to her failure to take any action on the applica-

tion within a period of six months. The defendant's application for reargument before the Planning Board was denied. At some point thereafter, the defendant sought to cancel the contract and return the plaintiff's down payment, and the plaintiff responded by commencing this action, wherein he sought, *inter alia,* specific performance of the contract without subdivision approval or a direction that the defendant cooperate in his effort to obtain subdivision approval. A prior motion for summary judgment made by the defendant was denied upon the ground that questions of fact existed with respect to, among other things, whether the defendant willfully defaulted in failing to obtain subdivision approval. After further discovery, the plaintiff made the instant motion for partial summary judgment, *inter alia,* to compel the defendant to consent to and cooperate with the plaintiff's application for subdivision approval. This motion was similarly denied, and this appeal and cross appeal ensued.

By its terms, the contract of sale was impliedly conditioned upon obtaining subdivision approval, a condition which further impliedly required the seller to use her good-faith efforts to attempt to obtain or to assist in the attempt to obtain the same *(see, Voorheesville Rod & Gun Club v Tompkins Co.,* 158 AD2d 789; *Pamerqua Realty Corp. v Dollar Serv. Corp.,* 93 AD2d 249, 251). The plaintiff cannot be permitted to waive the implied condition of a subdivision approval. Where, as here, the seller retains a portion of the property which is to be subdivided, such a condition is for her benefit as well and therefore must be waived by both the buyer and the seller *(see, Praver v Remsen Assocs.,* 150 AD2d 540; *Lieberman Props. v Braunstein,* 134 AD2d 55, 60; *Bonavita & Sons v Quarry,* 126 AD2d 707).

As the Supreme Court found, questions of fact exist as to whether the defendant diligently and in good faith attempted to gain subdivision approval *(see, Praver v Remsen Assocs., supra).* Thus, the granting of partial summary judgment at this juncture is inappropriate. If it is determined that the defendant acted diligently and in good faith, she cannot now be required to assist in the plaintiff's attempt to gain subdivision approval, and she has the absolute right to cancel the contract *(see, Bonavita & Sons v Quarry, supra; Lieberman Props. v Braunstein, supra).*

The dismissal of the defendant's appeal is required, as the defendant was not aggrieved by the order appealed from, which denied the plaintiff's motion for partial summary judg-

ment *(see,* CPLR 5511). Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.