THIRD DEPARTMENT, JULY, 1991

(July 3, 1991)

■ KENNETH W. GOEWEY et al., Respondents, v DELTA D & I

CORPORATION, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered October 2, 1990 in Albany County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment.

On September 18, 1986 defendant contracted to sell four acres of a 138-acre tract of land in the Town of Colonie, Albany County, to the Widewaters Group. Thereafter, on January 6, 1987, defendant entered into a contract with plaintiff Kenneth W. Goewey for the sale of an additional four acres from the same tract of land. That contract of sale contained an addendum which provided, insofar as pertinent, as follows:

"A. *Contingencies.* This Agreement is contingent upon the occurrence or satisfaction of all of the following events or conditions by the respective contingency dates set forth in each subparagraph below:

"(1) The PURCHASER shall obtain official verification and approval that the premises are in compliance with all applicable zoning laws * * *. ZONING/SUBDIVISION CONTINGENCY EXPIRATION DATE: APRIL 15, 1987. * * *

"With regard to * * * the foregoing contingencies, each party agrees to vigorously and expeditiously exert all necessary efforts on its behalf, to initiate or assist in the accomplishment of each of the said contingencies, each will use its best efforts to assist in the satisfaction of those contingencies and each agrees to do nothing which would be detrimental to the satisfaction of those contingencies."

On May 29, 1987, defendant closed the sale to Widewaters. As the result of that sale, defendant's contract with Goewey became subject to the Town of Colonie Code as it pertained to subdivisions. That code provided, *inter alia,* that anyone desiring to subdivide any portion of his property into three or more plots must submit an application to the Town Planning Board for approval *(see,* Town of Colonie Code § 166-2). Such an application was submitted by defendant and was denied. By letter dated September 18, 1987 Goewey advised defendant that he was prepared to close on October 1, 1987. Thereafter, Goewey assigned his rights in the contract to plaintiff Chrysler Realty Corporation. On October 1, 1987, defendant informed plaintiffs that the contract was null and void because plaintiffs had failed to acquire subdivision approval as required under the contract.

Plaintiffs commenced this action seeking specific performance of the contract and damages. Defendant answered and

counterclaimed seeking rescission of the contract. Plaintiffs moved for partial summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion for specific performance and denied defendant's cross motion. Defendant has appealed.

Plaintiffs assert that it was defendant's obligation to obtain subdivision approval, citing *Voorheesville Rod & Gun Club v Tompkins Co.* (158 AD2d 789, *lv dismissed* 76 NY2d 888) in support of their position. It is true that this court in *Voorheesville* determined that where a contract is silent as to the issue of subdivision approval, the burden is upon the seller to obtain such approval in order that marketable title may be conveyed. In the case at bar, however, the contract is not silent as to the issue of subdivision approval. As indicated previously, it was incumbent upon plaintiffs to obtain verification that the premises complied with the Town's zoning laws. The zoning laws provide that no property shall be subdivided into three or more lots until a map of such subdivision shall have been approved by the Town's Planning Board (Town of Colonie Code § 190-38). Furthermore, the zoning laws provide that an application for zoning verification must include identification of the Planning Board approval history and subdivision type (Town of Colonie Code § 190-3 [D] [6]). Insofar as the Town's zoning laws require compliance with its subdivision provisions and because the contract specifically obligated plaintiffs to obtain verification that the premises were in compliance with the zoning laws, we find *Voorheesville Rod & Gun Club v Tompkins Co. (supra)* to be inapposite to the case at bar. Plaintiffs were obligated to obtain subdivision approval pursuant to the contract.

Any claim by plaintiffs that the sale to Widewaters constituted bad faith in creating an obstacle to the performance of their contract is without merit. The record contains uncontroverted evidence that Goewey, prior to entering into the contract at issue, was advised of the Widewaters contract and was further advised that if that sale was consummated first it would necessitate subdivision approval before a sale to Goewey could be consummated.

Plaintiffs next contend that because the condition precedent was for their benefit, they could waive the condition and compel specific performance of the contract *(see, BPL Dev. Corp. v Cappel,* 86 AD2d 591, *lv denied* 56 NY2d 506). That is clearly the rule when a condition precedent is solely for the benefit of the purchaser. However, where as here, the seller

retains one or more of the lots to be included in the subdivision, the condition may not be waived without the assent of the seller *(see, Bonavita & Sons v Quarry,* 126 AD2d 707, 708, *lv denied* 69 NY2d 607). There is no evidence in the record that defendant consented to the waiver. To the contrary, defendant advised plaintiffs that the contract was null and void because of the lack of subdivision approval.

Finally, it cannot be said that defendant failed to exert all necessary efforts to initiate or assist in the accomplishment of the contingency as required by the contract. The uncontroverted evidence in the record reveals that defendant retained an engineer to submit a subdivision map for Planning Board approval, which was done. That application was denied on the ground that defendant had not submitted its detailed plans for the remaining acreage. Because defendant had been offering its remaining acreage as a single parcel, it had no plans, detailed or otherwise, for the remaining acreage upon the sale to plaintiffs, a fact known to all of the parties, and was thus unable to comply with the Planning Board's request. Under these circumstances, we determine as a matter of law that defendant acted diligently and in good faith and is entitled to summary judgment rescinding the contract *(see, supra; see also, Lieberman Props. v Braunstein,* 134 AD2d 55, 60). Weiss and Levine, JJ., concur.

Casey, J. P. (dissenting). Within a four-month period, defendant entered into separate contracts to sell separate parcels of its large tract of land. Since it also intended to retain a portion of the land, defendant knew or should have known that subdivision approval would be required before all of its obligations under both contracts could be fulfilled. Defendant also knew or should have known that subdivision approval would not be given without plans regarding the future development of each of the parcels, including the parcel to be retained by defendant. It necessarily follows, then, that because defendant agreed to sell a portion of its property to plaintiffs with actual or constructive knowledge of the subdivision requirements, defendant's agreement to cooperate and "use its best efforts to assist in the satisfaction" of contingencies included a promise to provide the plans for future development of its property if necessary to satisfy the zoning/subdivision contingency. The majority appears to view defendant's contract with plaintiffs as merely an agreement to sell the property if plaintiffs could close before the buyer of the other parcel closed on its contract. The contract with plaintiffs, however, contains no such contingency. Defendant should

be held to the terms of its contract as written, which includes the requirement that it use its best efforts to assist in the satisfaction of all contingencies, including the one requiring plaintiffs to obtain subdivision approval, and to do nothing which would be detrimental to the satisfaction of those contingencies.

By closing the sale of one parcel to the Widewaters Group before closing the sale of the parcel to plaintiffs, and by thereafter applying for subdivision approval without providing any plans for the future development of the retained parcel, defendant effectively precluded satisfaction of the zoning/subdivision contingency. Defendant's claim that it has no development plans for the retained parcel is patently insufficient to defeat plaintiffs' rights under the contract. When defendant agreed in its contract to use its best efforts to assist in the satisfaction of all contingencies, including the zoning/subdivision contingency, and to do nothing detrimental to the satisfaction of those contingencies, defendant was well aware that subdivision approval based upon future development plans would be required to complete the sale to plaintiffs if the sale of any other parcel closed first. Since defendant knew or should have known when it contracted with plaintiffs that future development plans might be necessary to satisfy the zoning/subdivision contingency, defendant's assertion that it has no development plans can hardly be viewed as meeting the best efforts requirement of its contractual obligation.

Supreme Court's order should therefore be affirmed.

Mikoll, J., concurs. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to defendant and complaint dismissed.