■ JOSEPH N. KROBOTH et al., Respondents, v SHIRLEY BRENT, Appellant. [625 NYS2d 748] —Crew III, J. Appeals (1) from an order of the Supreme Court (Cobb, J.), entered December 23, 1993 in Columbia County, which, *inter alia*, granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

In July 1988, defendant contracted to sell to plaintiffs approximately 216 acres of a tract of land located in the Town of New Lebanon, Columbia County. Pursuant to the contract, defendant was to retain eight acres of the tract, consisting of two lots, and grant plaintiffs an easement for ingress and egress. The purchase price was $324,000, which was to be adjusted by $1,500 per acre based upon a certified survey, and plaintiffs made a down payment of $32,400. Prior to the closing date established in the contract, the Town of New Lebanon adopted new subdivision regulations by reason of which the parties entered into an amendment of the contract, which extended the closing date, made the contract contingent upon subdivision approval and provided that plaintiffs would use their "best efforts" to obtain such approval.

Plaintiffs thereafter retained Hill Engineers, Architects & Planners, who performed a perimeter survey of the premises which was submitted to the Town Planning Board together with an application for subdivision approval. Following certain additional submissions, the Planning Board declined to grant subdivision approval because the lots retained by defendant did not meet the requirements of an approvable building lot due to their location in a flood plain and wetlands. The Planning Board indicated that subdivision approval could be granted if approval to build on the retained lots was obtained from the Department of Environmental Conservation. Plain-

tiffs took no further steps with respect to subdivision approval and, four months later, defendant advised that she considered plaintiffs to be in default of the contract and was declaring the same null and void.

Plaintiffs then demanded that defendant refund their down payment, as well as the amounts expended by them for the survey. Upon defendant's refusal to do so, plaintiffs commenced the instant action seeking, *inter alia,* judgment in the amount of their down payment and the costs expended on the survey. Defendant served an answer containing a counterclaim seeking liquidated damages for plaintiffs' breach of contract. Following plaintiffs' reply to the counterclaim, plaintiffs moved for summary judgment and defendant cross-moved for the same relief. Supreme Court granted plaintiffs' motion and denied the cross motion, and this appeal by defendant ensued.

Defendant contends that Supreme Court erred in finding, as a matter of law, that plaintiffs used their "best efforts" to obtain subdivision approval. We agree. Contrary to plaintiffs' contention, "best efforts" requires more than "good faith", which is an implied covenant in all contracts *(see, Kirke La Shelle Co. v Armstrong Co.,* 263 NY 79, 85). "Best efforts" requires that plaintiffs pursue all reasonable methods for obtaining subdivision approval *(see, Blask v Miller,* 186 AD2d 958, 959), and whether such obligation has been fulfilled will almost invariably, as here, involve a question of fact *(but see, Goewey v Delta D & I Corp.,* 175 AD2d 299, *affd* 80 NY2d 788). Accordingly, plaintiffs' motion for summary judgment with respect to their down payment should have been denied.

As to the issue of the survey costs, paragraph 20 of the contract, which governs the seller's obligations in the event title does not pass, and paragraph 30, which outlines the buyer's responsibility for obtaining a survey, are not, in our view, necessarily inconsistent and, hence, we reject the parties' respective theories as to why one provision should prevail over the other. Rather, we believe that plaintiffs' entitlement to the survey costs depends upon resolution of the "best efforts" inquiry, which must await a trial. Accordingly, plaintiffs' motion for summary judgment as to the survey costs should have been denied as well.

Mercure, Yesawich Jr. and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I agree with Supreme Court's conclusion that, in the circumstances of this case, plaintiffs used their "best efforts" to obtain subdivision approval. In my

view, this is a question of law to be determined by the court and there is sufficient evidence to warrant the grant of summary judgment in favor of plaintiffs *(see, Goewey v Delta D & I Corp.,* 175 AD2d 299, *affd* 80 NY2d 788). The property retained by defendant was found to be substandard by the Town Planning Board. Plaintiffs informed defendant of the two options proposed by the Planning Board. The first option was to have plaintiffs purchase the two lots retained by defendant to eliminate the subdivision process altogether. The second option was to seek to have the Department of Environmental Conservation declare these lots to be approved building sites which "could cost several thousand dollars for engineering and take over a year" without any guarantee of success. Plaintiffs made an oral offer to purchase the two lots, but defendant did not respond to the offer or the information except to notify plaintiffs by letter four months later that plaintiffs were in default under the contract and defendant was declaring the contract null and void. The record is clear that plaintiffs took substantial steps to gain the Planning Board's approval. Defendant points to no precedent for the proposition that a party must pursue all potential alternatives for obtaining subdivision approval to satisfy its obligation to use its "best efforts". Accordingly, I would affirm. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment; said motion denied; and, as so modified, affirmed.