■ TOWN OF ROXBURY, Respondent, v JOHN A. RODRIGUES et al., Appellants, et al., Defendants. [716 NYS2d 814] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered April 24, 2000 in Delaware County, which, *inter alia,* granted plaintiff's cross motion for summary judgment, and (2) from the judgment entered thereon.

In May 1997, plaintiff entered into a contract with defendants John A. Rodrigues and Virginia Ann Rodrigues (hereinafter collectively referred to as defendants) to purchase a gravel pit located in the Town of Roxbury, Delaware County for the sum of $400,000. In connection therewith, plaintiff tendered a down payment of $20,000 to be held in escrow by defendants' attorney. Paragraph 7 of the contract set forth a number of contingencies regarding completion of the sale, one of which was plaintiff's compliance with "[a] permissive referendum as required by the Town Law." That paragraph further stated that "[a]lthough [plaintiff] will use its best efforts to comply [ ] with all requirements[,] if such requirement cannot be obtained, this Agreement may be canceled by [plaintiff] and all monies paid down shall be promptly refunded to [plaintiff]." Paragraph 21 of the contract contained a default provision which provided that "[i]n the event that [plaintiff] should wil-

---

2. The parties agree that the vehicles obstructing the ingress and egress were removed as was the debris deposited thereon. Accordingly, the only remaining issue was the change in the surface of the right-of-way.

fully default, including failure to use its best efforts to satisfy the contingencies set forth herein, this agreement shall be terminated and the deposit paid hereunder shall be retained by [defendants] as Liquidated Damages."

In December 1997, plaintiff's Town Board unanimously approved a bond resolution for the purchase subject to a permissive referendum. Various Town residents, however, objected and signed a petition calling for the matter to be referred for a public referendum on the November 1998 ballot.* The referendum was ultimately defeated and the sale of the property did not occur. When defendants refused to refund the $20,000 deposit, plaintiff commenced this action to recover it. Following joinder of issue, defendants' attorney moved to pay the deposit into court and plaintiff and defendants each cross-moved for summary judgment awarding them the deposit. Supreme Court, *inter alia*, granted plaintiff's cross motion resulting in this appeal.

Resolution of the instant matter turns upon whether plaintiff exercised its "best efforts" in complying with the contingencies incident to the sale. The parties' contract did not specifically define the term "best efforts." Nevertheless, this Court has recognized that the term "requires that plaintiffs pursue all reasonable methods" for satisfying the necessary contingencies (*Kroboth v Brent*, 215 AD2d 813, 814).

The record reveals that all of plaintiff's Town Board members voted in favor of the resolution approving the purchase and there is no proof in the record to suggest that they did not continue to support the resolution after it was adopted. While defendants claim that plaintiff neglected to take measures to inform the voters of the details of the purchase of the property or encourage them to approve it, there are restrictions which prevent State and municipal governments from exhorting the electorate to vote for particular propositions which they support (*see, Matter of Schulz v State of New York*, 86 NY2d 225, 234, *cert denied* 516 US 944). In view of these restrictions, and upon the record before us, we decline to disturb Supreme Court's determination.

Peters, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

---

* In a related proceeding, objections to the public referendum petition were filed but it was ultimately upheld due to procedural deficiencies in the proceeding (*Matter of Millar v Tolly*, 252 AD2d 872).