■ KOLON AMERICA, INC., Respondent, v ZELOUF INTERNATIONAL CORP. et al., Defendants, and IM YOUNG AHN et al., Appellants. [740 NYS2d 301] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 14, 2001, which, insofar as appealed from, granted plaintiff's motion to enforce and accelerate an in-court stipulation of settlement as against defendants-appellants, and directed entry of judgment in favor of plaintiff and against defendants-appellants in the principal amount of $300,000, with interest, costs and disbursements, unanimously modified, on the law and the facts, to deny acceleration and direct entry of judgment in the amount of $125,000, with interest on $25,000 from March 27, 2001, $50,000 from September 27, 2001, and $50,000 from March 27, 2002, and otherwise affirmed, without costs. Judgment, same court and Justice, entered May 23, 2001, in favor of plaintiff and against defendants-appellants in the principal amount of $300,000, with interest, costs and disbursements, unanimously modified, on the law and the facts, to award $125,000, with interest as above indicated, and otherwise affirmed, without costs.

The subject stipulation of settlement, which required appellants to pay plaintiff $300,000 in specified installments at intervals measured from the date of the stipulation, and was made conditional upon the posting of certain security by a nonparty, was properly enforced, even though the security was never posted, upon plaintiff's waiver of the condition requiring the security. Since such condition was meant only to protect plaintiff, it could be waived by plaintiff (see, BPL Dev. Corp. v Cappel, 86 AD2d 591, lv denied 56 NY2d 506). However, because appellants had no obligation to perform the settlement until plaintiff waived the condition on March 27, 2001, it was error to deem appellants' failure to pay the first installment due prior to March 27, 2001 as a default warranting immediate payment of the entire settlement amount. Rather, the first installment should be deemed due on March 27, 2001, and the remaining installments deemed due at the same intervals of time specified in the settlement agreement measured from March 27, 2001, and we modify accordingly. Moreover, although acceleration was clearly contemplated in the event appellants failed to pay an installment, there was no provision for acceleration in the settlement agreement itself. Instead, the

acceleration clause was to be included in the security agreement, which, as it happened, never came into effect and was waived by plaintiff. We have considered appellants' other arguments and find them unavailing. Concur—Williams, P.J., Nardelli, Tom, Lerner and Friedman, JJ.