RICHARD ISRAEL, Appellant, v DANIEL CHARNEWS et al., as Executors of the Estate of DANIEL CHARNEWS, Deceased, Respondents. [848 NYS2d 340]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 8, 2006, as denied his motion, in effect, for summary judgment on the cause of action for

specific performance and granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 15, 2001 the plaintiff entered into a contract to purchase 20 acres of a 23-acre parcel of real property (hereinafter the property) which was then owned by the defendants' decedent. The contract was subject to the plaintiff obtaining, within four years, final approval from the Southold Town Planning Board (hereinafter the Planning Board) to subdivide the property into 37 lots. Under the contract, the three-acre parcel retained by the defendants' decedent would be one of the 37 lots in the proposed subdivision. The contract required the defendant's decedent to "cooperate, promote, and execute" all documents necessary for subdivision approval. Closing was scheduled for "[o]n or about" 30 days after the Planning Board signed the final subdivision map.

After the parties entered into the contract, the Town of Southold allegedly imposed a moratorium on subdivision which extended until February 2005. The plaintiff contends that in February 2005 he submitted an application to the Planning Board for a simplified two-lot subdivision of the property in order to obtain subdivision approval within the four-year time period provided by the contract. Under the simplified subdivision plan, the three acres retained by the defendants' decedent would constitute one lot and the remaining 20 acres of the property would constitute the other lot. In June 2005 the defendants' decedent notified the Planning Board that he had not authorized the application for subdivision into two lots. On or about June 13, 2005 the plaintiff commenced this action, inter alia, for specific performance of the parties' contract, including the obligation of the defendants' decedent to consent to subdivision.

The Supreme Court properly denied the plaintiff's motion, in effect, for summary judgment on the cause of action for specific performance and properly granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action. A party who seeks specific performance must prove that he has substantially performed his obligations within the time specified in the contract or within a reasonable time thereafter and that he is ready, willing, and able to perform those obligations not yet performed (*see Lieberman Props. v Braunstein*, 134 AD2d 55, 60 [1987]). Generally, where a seller's obligation to convey property is conditioned on the buyer's obtaining approval for a proposed subdivision relative to the

property conveyed, such a condition is for the benefit of the buyer, who can waive it if he chooses (*see Laxrand Constr. Corp. v R.S.C.A. Realty Corp.*, 135 AD2d 685, 686 [1987]; *Louis Bonavita & Sons v Quarry*, 126 AD2d 707, 708 [1987]; *Poquott Dev. Corp. v Johnson*, 104 AD2d 442, 443 [1984]). However, where, as here, the seller is to retain one or more of the lots to be included in the subdivision, the condition may not be waived without the assent of the seller (*see Praver v Remsen Assoc.*, 150 AD2d 540, 541 [1989]; *Lieberman Props. v Braunstein*, 134 AD2d at 60; *Louis Bonavita & Sons v Quarry*, 126 AD2d at 708).

Here, the plaintiff failed to make a prima facie showing that the defendants' decedent waived the condition that the plaintiff obtain approval of a 37-lot subdivision of the property (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In contrast, the defendants' submissions established, prima facie, that the decedent did not waive this condition, and the plaintiff failed to raise a triable issue of fact in response. Accordingly, summary judgment dismissing the cause of action for specific performance was warranted based on the plaintiff's failure to satisfy the 37-lot subdivision condition of the contract (*see Lieberman Props. v Braunstein*, 134 AD2d at 60).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.