D&J Realty Partners, LLC v Booth (2024 NY Slip Op 01169)

D&J Realty Partners, LLC v Booth

2024 NY Slip Op 01169

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2019-14399
 (Index No. 619585/18)

[*1]D & J Realty Partners, LLC, respondent,
v
Janet Booth, etc., et al., appellants.

Richard T. Haefeli, Westhampton Beach, NY, for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Joseph R. Harbeson and Michael A.H. Schoenberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated December 5, 2019. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the cause of action for specific performance of the contract and dismissing the counterclaim for rescission of the contract, and denied those branches of the cross-motion of Eugene Hubbard which were for summary judgment dismissing the cause of action for specific performance of the contract and on the counterclaim for rescission of the contract.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the cause of action for specific performance of the contract for the sale of real property and dismissing the counterclaim for rescission of the contract is denied, and those branches of the cross-motion of Eugene Hubbard which were for summary judgment dismissing the cause of action for specific performance of the contract and on the counterclaim for rescission of the contract are granted.
On August 27, 2013, the plaintiff and Eugene Hubbard (hereinafter the decedent) entered into a contract whereby the plaintiff agreed to purchase from the decedent a vacant parcel of real property in the Village of Westhampton Beach. The property was part of a single parcel formerly owned by the decedent's father, Norman Hubbard (hereinafter Norman). In 1981, Norman applied for permission to subdivide the property into two lots to be known as 112 Jessup Lane and 114 Jessup Lane. Norman thereafter devised the property referred to as 114 Jessup Lane (hereinafter the subject property) to the decedent and devised to the decedent a life estate in the property referred to as 112 Jessup Lane, with the remainder interest in that property divided equally between other family members.
The contract of sale between the plaintiff and the decedent for the subject property provided in a rider that it was subject to the plaintiff obtaining an as-of-right building permit to build a single-family residence. The plaintiff was subsequently unable to obtain a building permit because a covenant of conditions had never been filed to complete the process of subdividing Norman's single parcel into the two parcels referred to as 112 Jessup Lane and 114 Jessup Lane. The plaintiff's and the decedent's efforts to have the covenant filed so as to complete the subdivision process failed.
The plaintiff subsequently informed the decedent that it was electing to proceed with the purchase and set a closing date. The decedent rejected the closing date and advised that he was cancelling the contract.
The plaintiff then commenced this action, inter alia, for specific performance of the contract. The decedent interposed an answer in which he asserted a counterclaim for rescission of the contract. The plaintiff moved for summary judgment on the cause of action for specific performance of the contract and dismissing the counterclaim for rescission. The decedent cross-moved, among other things, for summary judgment dismissing that cause of action and on the counterclaim. In an order dated December 5, 2019, the Supreme Court, inter alia, granted the motion and denied those branches of the cross-motion.
The decedent appealed from the order. During the pendency of the appeal, the decedent died, and Janet Booth and Diana Bennett, as executors of the decedent's estate, were substituted for him.
Contrary to the Supreme Court's conclusion, the decedent demonstrated his prima facie entitlement to judgment as a matter of law on his counterclaim for rescission of the contract and, concomitantly, dismissing the plaintiff's cause of action for specific performance of the contract. Generally, "the party for whose benefit a condition is inserted in an agreement may waive the condition and accept performance as is" (Oak Bee Corp. v Blankman & Co., 154 AD2d 3, 7). "However, where the relevant circumstances reveal that the condition has been inserted for the benefit of both parties to the agreement, either party may validly cancel the contract upon failure of the condition, and the condition may be waived only by the mutual assent of both parties" (id. at 7).
Here, the decedent demonstrated, prima facie, that under the unusual circumstances of this case, the condition inserted in the contract, providing that it was subject to the plaintiff's attainment of an as-of-right building permit, could not be unilaterally waived by the plaintiff. Inasmuch as the building permit could only be obtained if the subdivision of the property were completed, that condition cannot be interpreted as existing solely for the benefit of the plaintiff where the decedent retained an interest in the other lot to be included in the subdivision (see Israel v Charnews, 46 AD3d 753, 755; Goewey v Delta D & I Corp., 175 AD2d 299, 302, affd 80 NY2d 788; Savino v DeLeyer, 160 AD2d 989, 990). Since the decedent declined to waive the condition, and diligent efforts to obtain the building permit failed, he was entitled to rescind the contract (see Israel v Charnews, 46 AD3d at 755; Goewey v Delta D & I Corp., 175 AD2d at 302). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the decedent's cross-motion which were for summary judgment dismissing the cause of action for specific performance and on the counterclaim for rescission. For the same reason, the court should have denied the plaintiff's motion.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court