UNITED MUTUAL LIFE INSURANCE COMPANY, Appellant, v ICBC CORPORATION et al., Respondents.

First Department, November 21, 1978

■■■■■■■■■■

## APPEARANCES OF COUNSEL

*Nicholas M. Cherot* of counsel *(Jones Michael & Cherot, P. C.,* attorneys), for appellant.

*Geoffrey Wright* of counsel *(John L. Edmonds,* attorney), for respondents.

## OPINION OF THE COURT

SILVERMAN, J.

Plaintiff appeals from an order of Special Term granting defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action.

The issue on this appeal is whether, on the facts as alleged in the complaint and the proper application of section 232-c of the Real Property Law, a month-to-month tenancy was created between plaintiff landlord and defendant tenant ICBC after the expiration of the original term of the lease, December 31, 1974, or whether, on the facts as alleged in the complaint, it could be found that the lease was extended for a two-year term.

Plaintiff landlord leased the premises to defendant tenant ICBC Corporation (with defendant Inner City Broadcasting Corporation as guarantor) under a lease dated as of January 1, 1973 for an original term of two years from January 1, 1973 to December 31, 1974. Paragraph 35 of the lease contained a provision giving the tenant an option to renew the lease for an additional two years to December 31, 1976 upon the same terms and conditions, except, among other things, for a provision for increased rent, provided that the tenant gave to the landlord notice in writing of its election to renew the lease at least nine months before the termination of the lease. The tenant did not give such nine-month notice of intention to renew. But the tenant remained in possession for about 10½ months after the expiration of the original term of the lease on December 31, 1974 (i.e., until November 15, 1975), and during the 10 months from January 1, 1975 to October 31, 1975 the tenant paid the increased rent provided for in the lease for the renewal term. Plaintiff landlord seeks to hold

tenant for rent for the balance of the renewal term. Defendants relying on section 232-c of the Real Property Law contend that after December 31, 1974 ICBC was only a month-to-month tenant.

Section 232-c of the Real Property Law provides: "Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term."

The rule at common law before the enactment of section 232-c of the Real Property Law was that a tenant's holding over after the expiration of the term imposed upon the tenant (at the landlord's option) an obligation for a new term even contrary to tenant's desire or intention. (See NY Legis Doc, 1959, No. 65 [D]; 1959 Report of NY Law Rev Comm, p 143.) The obligation was one imposed by law; it did "not spring from the contract of the parties but is the penalty imposed by law upon the trespassing tenant." *(United Merchants' Realty & Improvement Co. v Roth,* 193 NY 570, 576.) Section 232-c of the Real Property Law abolished that rule in its stark harshness and substituted a rule, in essence, that subject to contrary agreement between the parties, the tenant became a month-to-month tenant.

■ The statute provides that "such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over." But in the present case, the landlord does not seek to hold the tenant for a new term "solely" by virtue of the tenant's holding over. The landlord points to the additional facts of the provision in the lease for a two-year renewal term and the fact that for 10 months the tenant has paid rental at the increased figure specified for the renewal term rather than the lower figure that the tenant had been paying, or any other figure than that specified for the renewal term. The landlord thus contends that these facts spell out "an agreement either express or implied * * * providing otherwise." *(Id.)* We cannot say as a

matter of law that the landlord is wrong in this contention. (Cf. *28 Mott St. Co. v Summit Import Corp.,* 34 AD2d 144, affd 28 NY2d 508.)

Nor does the fact that the tenant failed to give the nine-month notice of intention to renew necessarily defeat the landlord's claim, for the provision for that notice was a provision for the landlord's benefit, which landlord could waive. *(Probst v Rochester Steam Laundry Co.,* 171 NY 584, 587; *Long v Stafford,* 103 NY 274, 283.)

Accordingly, we hold that the complaint, proceeding on the theory of agreement to exercise the option to renew the lease, states a cause of action and that the motion to dismiss the complaint should have been denied.

Plaintiff cross-moved at Special Term for summary judgment. The order appealed from does not explicitly dispose of that cross motion though it was implicitly denied. It is not clear whether the notice of appeal seeks to bring up for review the denial of the cross motion although plaintiff's brief requests as one alternative that judgment be granted in plaintiff's favor. In any event, it is our view that the question whether the parties made an agreement to renew the lease for a two-year term presents a question of fact.

■ The order, Supreme Court, New York County (GELLINOFF, J.), entered April 27, 1977, appealed from should be reversed on the law, and defendants' motion to dismiss the complaint for failure to state a cause of action should be denied, with costs, and necessary reproduction disbursements (less 15% of the reproduction cost of the record on appeal because of the unnecessary reproduction of the memoranda of law submitted to Special Term).

BIRNS, J. P., FEIN and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on April 27, 1977, unanimously reversed, on the law, and defendants' motion to dismiss the complaint for failure to state a cause of action denied. Appellant shall recover of respondents $75 costs and necessary reproduction disbursements of this appeal (less 15% of the reproduction cost of the record on appeal because of the unnecessary reproduction of the memoranda of law submitted to Special Term).