■ LAXRAND CONSTRUCTION CORP., Respondent, v R.S.C.A. REALTY CORP., Appellant.—In an action by the purchaser for specific performance of a contract for the sale of land, the defendant seller appeals from (1) an order and judgment (one paper) of the Supreme Court, Rockland County (Stolarik, J.), dated January 28, 1987, which, upon the plaintiff's motion for summary judgment and the defendant's cross motion for summary judgment, directed specific performance of the contract, and (2) an order of the same court (Stolarik, J.), dated April 30, 1987, which denied the defendant's motion for renewal. The plaintiff's notice of appeal from an order of the same court, dated December 10, 1986, is deemed a premature notice of appeal from an order and judgment, dated January 28, 1987 (CPLR 5520 [c]).

Ordered that the order and judgment dated January 28, 1987, and the order dated April 30, 1987, are affirmed, with one bill of costs.

By contract dated November 20, 1985, the defendant agreed to sell the subject property to the plaintiff for $50,000. The contract provided for a closing date of May 20, 1986, but did not make time of the essence. The contract provided, *inter*

*alia,* that (1) it was "subject to Purchaser obtaining final approval for subdivision of the premises into four (4) single family building lots" and (2) "Purchaser agrees to apply for a subdivision of the property within NINETY (90) days from the date hereof".

In a letter dated June 9, 1986, the plaintiff's attorney notified the defendant's attorney that plaintiff was ready, willing and able to close prior to June 12, 1986, or anytime after June 15, 1986, but the defendant's attorney, in response, declared the plaintiff in default for failing, *inter alia,* to timely apply for subdivision approval. The instant action for specific performance then ensued.

The Supreme Court granted the plaintiff's motion for summary judgment and denied the defendant's cross motion for the same relief. We affirm.

Although the plaintiff failed to apply for subdivision approval within the time provided for in the contract, it is well settled that such a provision is usually for the purchaser's benefit and can be waived *(see, BPL Dev. Corp. v Cappel,* 86 AD2d 591, *lv denied* 56 NY2d 506). Moreover, there is nothing in the record to indicate that the provision was inserted for the benefit of the defendant seller as well *(see, Poquott Dev. Corp. v Johnson,* 104 AD2d 442). Under these circumstances, the defendant did not have the right to cancel on this ground.

The defendant's motion for renewal was also properly denied by the Supreme Court. It is well established in this Department that successive motions for summary judgment should not be made "in the guise of motions to renew where the 'new' material could have been submitted with the original motion for summary judgment" *(Rose v La Joux,* 93 AD2d 817, 818; *Echeverri v Flushing Hosp. & Med. Center,* 123 AD2d 818). In any event, as the Supreme Court properly held, the additional material submitted by the defendant in support of its motion for renewal did not warrant a different result.

We have examined the defendant's remaining argument and find it to be without merit. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.