■ Francis H. Sweda, Individually and as Administrator of the Estate of Margaret M. Sweda, Deceased, Appellant, v Robert Gordon, Defendant, and New York Hospital, Respondent.—In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bellard, J.), dated January 19, 1988, which, after a hearing, granted the defendant New York Hospital's motion for summary judgment dismissing the complaint for lack of personal jurisdiction, and (2) an order of the same court, entered June 23, 1988, which denied his motion for renewal and reargument of the defendant hospital's motion for summary judgment.

Ordered that the orders are affirmed, with one bill of costs.

The crucial issue at the hearing was whether Dr. Donna Moreau, whom the plaintiff alleged was the agent of the defendant hospital authorized to accept service of process *(see,* CPLR 311 [1]), was personally served with process on July 15, 1985. The plaintiff relied on the affidavit of the process server to the effect that Dr. Moreau was personally served on July 15, 1985. Dr. Moreau, who was not a named defendant, testified at the hearing and specifically denied that she was personally served with process on that date. The conflicting evidence presented an issue of credibility which the hearing court determined in favor of the hospital by holding that Dr. Moreau had not been personally served with process. It is well settled "that matters of credibility are properly determined by the hearing court, whose decision should not be disturbed if supportable by a fair interpretation of the evidence" *(Feeney v Booth Mem. Med. Center,* 109 AD2d 865, 866). In any event, the record indicates that (1) Dr. Moreau was a resident in child psychiatry at the hospital, (2) Dr. Moreau's duties did not include the acceptance of service of process for the hospital and (3) the "Secretary of the Society of New York Hospi-

tal" was the agent authorized to accept process for the hospital. Under these circumstances, the defendant hospital's motion to dismiss the complaint based upon lack of personal jurisdiction was properly granted.

Finally, the plaintiff's motion for renewal and reargument of the hospital's motion for summary judgment was properly denied (see, Foley v Roche, 68 AD2d 558; Laxrand Constr. Corp. v R.S.C.A. Realty Corp., 135 AD2d 685, 686). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.