■ COLUMBIA EQUITIES, LTD., et al., Appellants, v APPLE BANK FOR SAVINGS, Respondent.—In an action for a judgment declaring that the plaintiffs' occupancy of office space in premises known as 1075 Central Park Avenue, Scarsdale, New York, is and has been a month-to-month tenancy since February 1, 1988, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Facelle, J.), entered February 21, 1990, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs.

In this action, the plaintiffs seek a judgment, *inter alia,* declaring that, since February 1, 1988, a month-to-month tenancy exists between themselves, as tenants, and the defendant, as landlord. In this regard, the plaintiffs assert that a purported exercise of their option to renew the leases between the parties was ineffective because of their breach of material provisions of those leases. In response, the defendant asserts

that the plaintiffs effectively exercised the option to renew. With respect to the plaintiffs' claimed default under the leases, the defendant asserts that it waived any default.

The Supreme Court denied the plaintiffs' motion for summary judgment, concluding, *inter alia,* that questions of fact exist relating to the defendant's purported waiver of any default by the plaintiffs under the leases. We affirm *(see, Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442; *Modlin v Town & Country Tux,* 42 AD2d 586; *see also,* 74 NY Jur 2d, Landlord and Tenant, § 737; 1 Rasch, New York Landlord and Tenant § 11:40 at 509 [3d ed]). We note that the plaintiffs specifically argue that the defendant is precluded, as a matter of law, from asserting that it waived their default under the leases. In support, the plaintiffs rely on a lease provision which required that any waiver by the landlord of a default by the tenant be in writing. This provision was patently for the landlord's sole benefit. Therefore, the defendant could properly forego its enforcement *(see, Laxrand Constr. Corp. v R.S.C.A. Realty Corp.,* 135 AD2d 685; *De Freitas v Holley,* 93 AD2d 852; *BPL Dev. Corp. v Cappel,* 86 AD2d 591; *see also, United Mut. Life Ins. Co. v ICBC Corp.,* 64 AD2d 506; 22 NY Jur 2d, Contracts, § 330; *cf., W.W.W. Assocs. v Giancontieri,* 77 NY2d 157). Accordingly, even in the absence of a written waiver, the defendant is not precluded from raising the issue of its waiver of the plaintiffs' default under the leases. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.