Appeal from an order of the Supreme Court, Monroe County *1123 (Matthew A. Rosenbaum, J.), entered June 7, 2007 in a breach of contract action. The order denied the motion of plaintiff for partial summary judgment on liability.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.
Memorandum: Plaintiff landlord commenced this action to recover damages arising from defendant tenant’s anticipatory breach of a lease for medical office space. Supreme Court denied plaintiffs motion for partial summary judgment on liability on the ground that it could not determine as a matter of law “whether a lease agreement was created or the tenancy was month to month.” That was error. “ ‘[W]hile the existence of a contract is a[n issue] of fact, the [issue] . . . whether a certain or undisputed state of facts establishes a contract is one of law for the courts’ ” (Gui’s Lbr. & Home Ctr., Inc. v Mader Constr. Co., Inc., 13 AD3d 1096, 1097 [2004], lv dismissed 5 NY3d 842 [2005]), and that is the case here. “In order for an agreement, oral or written, to be enforceable as a lease, all the essential terms must be agreed upon[,] . . . including] the area to be leased, the duration of the lease, and the price to be paid” (Matter of Davis v Dinkins, 206 AD2d 365, 366-367 [1994], lv denied 85 NY2d 804 [1995]; see Miller v City of New York, 15 NY2d 34 [1964]). Here, the record establishes that the parties agreed on all of the material and essential terms to renew the lease for an additional five-year term and that defendant did not merely continue to occupy the premises and to pay rent following expiration of the original lease (see Real Property Law § 232-c; cf. United Mut. Life Ins. Co. v ICBC Corp., 64 AD2d 506 [1978]). Indeed, the record establishes that, following a telephone conversation between plaintiffs managing partner and defendant’s chief operating officer wherein defendant expressed interest in renewing the lease for another five-year term but at a lower rent than that specified in the original lease, plaintiff sent a letter to defendant referencing the “Renewal Option” and proposing two options for payment of a reduced rent for years 6 through 10 of the original lease. Defendant’s chief operating officer thereafter sent a letter to plaintiff in which he acknowledged plaintiffs letter regarding “the renewal of our lease at 125 Red Creek Drive” and stated, “I would like to go with Option 1 of your proposal.”
We agree with plaintiff that it is of no moment that defendant did not comply with the nine-month notice provision in the original lease pursuant to which defendant was to provide notice of its desire to renew the lease. That notice provision is *1124 solely for plaintiffs benefit as the landlord and may be waived, “even in the absence of a written waiver” (Columbia Equities v Apple Bank for Sav., 176 AD2d 780, 781 [1991]; see United Mut. Life Ins. Co., 64 AD2d at 509). We further agree with plaintiff that the request in the letter from defendant’s chief operating officer to “forward a lease renewal for my review and signature” is of no consequence. The letter from plaintiff and the letter from defendant’s chief operating officer stated all of the essential and material terms of the parties’ agreement and, thus, “the fact that [defendant’s letter] provides for the subsequent execution of a more formal writing which is not done[ ] will not impair its effectiveness” (Read v Henzel, 67 AD2d 186, 189 [1979]; cf. Simmonds v Marshall, 292 AD2d 592 [2002]). “[I]t cannot be said that the [letters were] merely an agreement to agree to a more formal contract in the future that would provide for the essential terms thereto and, indeed, there is no indication that further negotiations were contemplated” (Longo v Estate of Sweeney, 21 AD3d 1375, 1376 [2005]). Present— Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.