■ MARY J. BOSTER-BURTON, Respondent, v STEVEN B. BURTON, Appellant. [900 NYS2d 375]—

In an action for a divorce and ancillary relief, the defendant former husband appeals (1), as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Martin, J.), dated June 30, 2009, as granted those branches of the plaintiff former wife's motion which were to direct him to comply with the terms of the parties' stipula-

tion of settlement dated April 2, 2008, by transferring certain shares of stock and funds to her and to pay her a distributive award in the sum of $30,500 representing her share of the parties' Apawamis Country Club membership, (2), as limited by his brief, from so much of a judgment of divorce of the same court dated July 23, 2009, as incorporated the terms of the stipulation of settlement pertaining to the transfer of certain shares of stock and funds to the plaintiff, and (3) from a judgment of the same court entered August 24, 2009, which, upon the order dated June 30, 2009, is in favor of the plaintiff and against him in the principal sum of $30,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment dated July 23, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment entered August 24, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated July 23, 2009, and the judgment entered August 24, 2009 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised regarding the transfer of certain shares of stock and funds to the plaintiff are brought up for review and have been considered on the appeal from the judgment dated July 23, 2009 (*see* CPLR 5501 [a] [1]). The issues regarding the distributive award in the sum of $30,500, representing the plaintiff's share of the parties' Apawamis Country Club membership, are brought up for review and have been considered on the appeal from the judgment entered August 24, 2009 (CPLR 5501 [a] [1]).

The Supreme Court correctly granted that branch of the plaintiff's motion which was to direct the defendant to comply with the terms of the parties' stipulation of settlement dated April 2, 2008, by transferring certain shares of stock and funds to her. "As with other contracts, when the terms of a separation agreement are clear and unambiguous, the general rule is that the intent of the parties is to be found within the four corners of the agreement" (*Surlak v Surlak*, 95 AD2d 371, 375 [1983]). Here, the terms of the stipulation of settlement in regard to the transfer of these shares are clear and unambiguous. Article II, paragraph 15 of the agreement states that the plaintiff "shall receive the following shares and cash from the [defendant]" and goes on to specify the "Shares to Be Transferred to [the plaintiff]." Contrary to the defendant's contention, nothing in

the agreement implies that the parties used the gross number of shares the defendant would receive from his employer merely for illustrative purposes as a basis for calculating the "Shares to Be Transferred to [the plaintiff]." The agreement contains no language suggesting that the parties intended that the net number of shares received by the defendant after the withholding of taxes and fees would be used as a basis for calculating the number of shares he was to transfer to the plaintiff under this provision.

Since the agreement is clear and unambiguous on its face, the defendant's reliance on certain correspondence exchanged by the parties during their negotiations is misplaced. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Extrinsic [or parol] evidence of the parties' intent may be considered only if the agreement is ambiguous" (*id.*; *see Lazansky v Lazansky*, 148 AD2d 501 [1989]). The defendant's remaining contentions in this regard are either not properly before this Court or without merit.

The Supreme Court also correctly determined that the express language of article II, paragraph 24, of the stipulation of settlement reflects an acknowledgment that the couple's Apawamis Country Club membership is a "marital asset" and that the defendant was to retain that asset. Pursuant to the express language of paragraph 24, the question the parties agreed to submit to the Supreme Court is whether the plaintiff is entitled to the cost of a "house membership" as a distributive award in return for allowing the defendant to retain that asset. Contrary to the defendant's contention, the Supreme Court, in deciding that the plaintiff was entitled to a distributive award in the sum of $30,500, "set forth the factors it considered and the reasons for its decision" as required by Domestic Relations Law § 236 (B) (5) (g). We further find that the Supreme Court providently exercised its discretion and achieved equity between the parties by awarding the plaintiff a distributive award equal to the cost of a "house membership."

Finally, to the extent the defendant raises an issue concerning that branch of the plaintiff's motion which was for an award of attorney's fees, that issue remains pending and undecided, and, therefore, is not properly before this Court (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.