■ ANITA BABIKIAN, INC., Doing Business as HARITZ BARNE, et al., Respondents, v TMA REALTY, LLC, Appellant. [912 NYS2d 598]—

In an action, inter alia, for a judgment declaring that a commercial lease expired by its terms and was not renewed, the defendant appeals from an order and judgment (one paper) of the

Supreme Court, Westchester County (Nicolai, J.), entered March 11, 2010, which granted the plaintiffs' motion for summary judgment, denied its cross motion for summary judgment, and declared that the plaintiffs did not timely exercise their option to renew and that the lease and its terms, including the personal guaranties of the individual plaintiffs, expired as of April 30, 2009.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting the plaintiffs' motion for summary judgment and substituting therefor a provision denying the plaintiffs' motion, and (2) by deleting the provision thereof declaring that the plaintiffs did not timely exercise their option to renew the lease and that the lease and its terms, including the personal guaranties of the individual plaintiffs, expired as of April 30, 2009; as so modified, the order and judgment is affirmed, with costs to the defendant.

In 2004, Anita Babikian, Inc., doing business as Haritz Barne, and Jean Carrau Decoration, Inc. (hereinafter together the tenants), entered into a commercial lease with the then-owner of a building in Mamaroneck. The lease was to run for a period of five years, and the tenants had an option to renew it for one five-year period. In order to exercise the option, the tenants were required to give the landlord written notice no later than nine months before the end of the initial five-year term. Anita Babikian and Jean Carrau (hereinafter together the guarantors) each executed the lease on behalf of their corporations, and both signed a personal guaranty.

In late August 2008, after the deadline for exercising the option had passed, the tenants sent a letter to the landlord, TMA Realty, LLC (hereinafter TMA), which recited that it was dispatched for the purpose of "confirm[ing] our phone conversation . . . whereby I [*sic*] advised you of our option to renew the lease . . . for a period of five years after its expiration date of April 30, 2009." Michael Mikhailov, the managing member of TMA, wrote "Agreed" on the letter (hereinafter the renewal letter) and signed it. Thereafter, but before the initial five-year term expired, the tenants asserted that the renewal letter was not an exercise of the option to renew the lease; TMA disagreed.

In January 2009, the tenants and the guarantors (hereinafter collectively the Babikians) commenced this action seeking a judgment declaring that the tenants did not renew the lease and that all of the Babikians' obligations to TMA would expire on April 30, 2009. TMA asserted counterclaims seeking damages. The Babikians moved and TMA cross-moved for summary judgment. The Supreme Court granted the Babikians' motion and denied TMA's cross motion. TMA appeals, and we modify.

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . The best evidence of what parties to a written agreement intend is what they say in their writing . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms . . .

"Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide . . . A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion . . . Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (*Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002] [citations and internal quotation marks omitted]). Further, "[w]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Gutierrez v State of New York*, 58 AD3d 805, 807 [2009]). This Court has observed that, in the context of real property transactions and where a contract was negotiated at arm's length between sophisticated counseled parties, special import must be given (*see M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759 [2010]) to the rule that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569).

Here, as the parties agree, there is no ambiguity in the lease itself, so resort to parol evidence in order to ascertain its meaning is not permitted. However, despite the tenants' failure to exercise the option no later than nine months prior to the end of the initial lease term, TMA was free to forego enforcement of that timeliness requirement, inasmuch as that requirement was included in the lease for the landlord's sole benefit (*see Israel v Charnews*, 46 AD3d 753, 755 [2007]; *Calkins Corporate Park, LLC v Eye Physicians & Surgeons of W. N.Y., P.L.L.C.*, 56 AD3d 1122 [2008]; *Columbia Equities v Apple Bank for Sav.*, 176 AD2d 780, 781 [1991]; *Laxrand Constr. Corp. v R.S.C.A. Realty Corp.*, 135 AD2d 685, 686 [1987]; *De Freitas v Holley*, 93 AD2d 852

[1983]; *United Mut. Life Ins. Co. v ICBC Corp.*, 64 AD2d 506, 509 [1978]). Additionally, there is no dispute that TMA did, in fact, waive the nine-month requirement. The only issue remaining is whether the renewal letter constituted an exercise of the tenants' option to renew the lease. Since the renewal letter itself is ambiguous, consideration of parol evidence as to the tenants' intent is permitted. The parol evidence submitted, however, including affidavits from Anita Babikian and Michael Mikhailov, did not eliminate triable issues of fact as to the tenants' intent to exercise the option to renew. Consequently, the motion and cross motion for summary judgment should both have been denied, and we modify the order and judgment accordingly. Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.