WALTER J. WIGGINS, Appellant, v EDWARD E. KOPKO et al., Respondents. [942 NYS2d 666]—

Stein, J. Appeal from those parts of an order of the Supreme Court (Cerio Jr., J.), entered February 25, 2011 in Tompkins County, which, among other things, granted defendants' motion for summary judgment declaring that an addendum to a partnership agreement is unambiguous and enforceable.

In January 2007, plaintiff and defendant Edward E. Kopko—both experienced attorneys—entered into a partnership agreement, forming a New York-based law practice, which they subsequently registered as a limited liability partnership, defendant Wiggins & Kopko, LLP. Approximately seven months later, plaintiff and Kopko executed a written addendum to their partnership agreement (hereinafter the addendum) setting forth the rights of the parties and of the partnership with respect to, among other things, fees received by either party in relation to their respective "personal pursuits," including Kopko's separate Pennsylvania law practice. Ultimately, certain disagreements arose between plaintiff and Kopko and, in May 2010, plaintiff commenced this action seeking a dissolution of the partnership.

In connection with his action for dissolution, plaintiff served Kopko with a demand to produce certain documents allegedly related to cases in which Kopko was involved as part of his Pennsylvania practice. Kopko objected to plaintiff's demand and moved for a protective order, asserting that his Pennsylvania practice and the fees he acquired therefrom were separate from the parties' law practice partnership, citing the addendum.

Plaintiff then moved to, among other things, compel Kopko's disclosure of the demanded documents, arguing that the addendum did not permit Kopko to maintain, on an ongoing basis, an entirely separate Pennsylvania practice, the fees from which would be excluded from the parties' law practice partnership. Defendants opposed plaintiff's motion and also moved for, among other things, summary judgment declaring that the terms of the addendum are clear, unambiguous and enforceable as a matter of law. Supreme Court, as relevant here, denied plaintiff's motion to compel and partially granted defendants' motion. Plaintiff now appeals[1] and we affirm.

Contrary to plaintiff's contention, Supreme Court did not err in holding that the term "Pennsylvania practice," found in the addendum, is unambiguous as a matter of law. Whether an ambiguity exists within an agreement is a question of law to be resolved upon a reading of the document "as a whole to determine its purpose and intent" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). An ambiguity will be found only where reasonable minds could differ as to what was intended by the parties (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191 [1986]; *Pikul v Clough, Harbour & Assoc.*, 190 AD2d 932, 932-933 [1993]; *see also Jellinick v Naples & Assoc.*, 296 AD2d 75, 78 [2002]). Where a written agreement is complete, clear and unambiguous on its face, parol evidence may not be considered to suggest an unstated or misstated intention or to otherwise create an ambiguity (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d at 163; *Stevens & Thompson Paper Co., Inc. v Niagara Mohawk Power Corp.*, 49 AD3d 1011, 1013 [2008]).

Here, the addendum to the partnership agreement provides: "Consistent with our conversation this afternoon, I record our previous agreement regarding certain fees. During our initial partnership discussions we acknowledged that personal pursuits like your interest in La Tourelle and my Pennsylvania practice would take some time away from the partnership, but would be, nonetheless, consistent with the goals of our law practice and that we would consider these pursuits and their fruits separate from the law practice. We also acknowledged that we both had cases in which the fees were earned prior to the partnership,

---

1. Although plaintiff specifically stated in his notice of appeal that he was appealing from that portion of the order that granted defendants' motion for leave to file an amended counterclaim, he fails to address this issue in his brief and, as such, any arguments with respect thereto are deemed abandoned (*see Matter of Disidoro v Disidoro*, 81 AD3d 1228, 1228 [2011], *lv denied* 17 NY3d 705 [2011]; *Kocsis v McLean*, 32 AD3d 589, 590 [2006]).

but that the fees had not been paid. In these few cases, any fee paid now is the separate property of the person who earned the fee. Similarly, fees earned in the capacity as an executor or administrator or trustee would be retained by fiduciary and would be separate from fees earned as the attorney for the estate, which would be a partnership asset." In our view, no ambiguity in relation to the meaning and scope of the phrase "Pennsylvania practice" can be discerned from a plain reading of this language (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162-163). The addendum identifies Kopko's Pennsylvania practice as a "personal pursuit[ ]" whose "fruits" would be "separate from the law practice," and recognizes that it would "take some time away from the partnership." Moreover, contrary to plaintiff's argument, the addendum's reference to a separate class of cases in which both parties had earned fees that were not yet paid confirms the parties' intention that Kopko's Pennsylvania practice—an entity separate from these "few cases" whose fees had not been paid—was not limited to cases that pre-dated the formation of their partnership. Thus, Supreme Court properly found that the term "Pennsylvania practice" was unambiguous as a matter of law.

Nor did Supreme Court abuse its broad discretion in denying plaintiff's motion to compel disclosure of the Pennsylvania case files in order to ascertain the amount of fees acquired or due the partnership (*see generally Murphy v Hamilton*, 90 AD3d 1294, 1295 [2011]). Inasmuch as all fees acquired by Kopko in the pursuit of his Pennsylvania practice are, by the explicit terms of the addendum, separate assets from those acquired in the course of the law partnership, such information is not material and necessary to the prosecution of plaintiff's action and, therefore, is not subject to disclosure (*see* CPLR 3101).[2]

Plaintiff's remaining contentions have been considered and are unavailing.

Mercure, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. In contrast, as Supreme Court correctly indicated, disbursements made by the partnership on behalf of Kopko's Pennsylvania cases are properly the subject of discovery, as the addendum pertained only to "fees" and not "disbursements," and the disbursements made by the partnership must be ascertained in order to wind up the partnership affairs.