GEORGE H. SMITH, Respondent, v EBENEZER BAPTIST CHURCH, INC., et al., Appellants. [949 NYS2d 119]—

On December 23, 2003, the plaintiff and the defendant Ebenezer Baptist Church, Inc. (hereinafter the Church), entered into a contract pursuant to which the plaintiff was to serve as the defendant's pastor. In pertinent part, the contract provided that if the plaintiff's employment was to be terminated, "[a]n announcement is to be made two weeks in advance, one each week before the called Business meeting. Two thirds of the members present must vote for removal of the Pastor." At a meeting held on April 15, 2008, more than two thirds of the members of the Church present at the meeting voted to terminate the plaintiff's employment as pastor, allegedly because of financial improprieties. Shortly thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and defamation against, among others, the Church, alleging that the Church failed to provide the requisite notice of the special meeting and that the plaintiff did not commit any financial improprieties. The plaintiff subsequently moved for summary judgment on the issue of liability on the cause of action alleging breach of contract, which the Supreme Court granted insofar as asserted against the Church.

"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162; *Alvarez v Amicucci*, 82 AD3d 687, 688 [2011]). Parol evidence may be considered only if the contract is ambiguous (*see Anita Babikian, Inc. v TMA Realty, LLC*, 78 AD3d 1088, 1090 [2010]; *Boster-Burton v Burton*, 73 AD3d 671, 673 [2010]; *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]).

Here, the pertinent clause of the subject employment contract unambiguously required the Church to announce the termination vote "two weeks in advance of the meeting." As a matter of law, such language unambiguously required the Church to announce the termination vote 14 days in advance of the meeting (*see Greenfield v Philles Records*, 98 NY2d at 569; *W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162). As such, we need not consider parol evidence to interpret this contract language (*see Anita Babikian, Inc. v TMA Realty, LLC*, 78 AD3d at 1090; *Boster-Burton v Burton*, 73 AD3d at 673; *Henrich v Phazar Antenna Corp.*, 33 AD3d at 867). The plaintiff established, prima facie, that the Church breached the employment contract by demonstrating that it did not announce the April 15, 2008, special meeting until April 6, 2008, and April 13, 2008, and that the an-

nouncements did not adequately apprise the congregation of the purpose of the meeting, as, in effect, required by the employment contract and the Church bylaws. In opposition, the Church failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against the Church. Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.