■ JASON FANE, Respondent, v CHEMUNG CANAL TRUST COMPANY, Appellant. [57 NYS3d 750]—

Lynch, J. Appeal from that part of an order of the Supreme Court (Lebous, J.), entered July 21, 2016 in Tompkins County, which partially denied defendant's motion for summary judg-

---

ment dismissing the complaint and partially granted plaintiff's cross motion for summary judgment.

The parties' predecessors entered into a 20-year lease in 1985 for property located in the City of Ithaca, Tompkins County. Plaintiff acquired the property in 1997. In 2005, plaintiff and Bank of America, N.A. entered into a second amendment extending the lease for 10 years until December 31, 2015, with the tenant retaining "the right to extend the term of this [l]ease for a single additional period of [10] years from January 1, 2016 through December 31, 2025." To exercise this right, the tenant was required to send written notice to plaintiff no later than December 31, 2013. Bank of America assigned the lease to defendant in November 2013. At issue on this appeal is whether defendant's ensuing letter of December 19, 2013 served to exercise the renewal option. That letter, addressed to plaintiff and referenced as a "Lease Renewal Notice," stated as follows: "Please allow this letter [to] serve as formal notification that [defendant] wishes to exercise its right to extend the term of the lease referenced above for an additional period of 10 years, to begin January 1, 2016 and continue until December 31, 2025. Said option to extend provided in amendment to lease dated July 14, 2005. *Specific terms and details of this extension to be determined prior to December 31, 2015.* Although we regard our option to renew as exercised, we request that you also please acknowledge receipt of this notice by signing below and returning a copy" (emphasis added). The letter was hand delivered and its receipt was acknowledged by plaintiff that same day.

In March 2016, plaintiff commenced this action alleging that defendant had exercised the renewal option but had defaulted under the lease, as amended, by failing to pay the rent due since January 2016. Plaintiff sought a declaratory judgment that the lease had been extended through December 31, 2025, and damages for defendant's anticipatory breach. Defendant moved to dismiss the complaint, asserting that the December 19, 2013 letter was simply an agreement to agree, or a counteroffer, and that the lease had not been renewed. Supreme Court granted plaintiff's motion to convert defendant's motion to dismiss into a motion for summary judgment and to treat plaintiff's responding papers as a cross motion for summary judgment. Defendant, in turn, further responded in opposition and in support of its own motion for summary judgment. Supreme Court partially granted plaintiff's cross motion, finding that the lease had been extended and that defendant breached the lease by its nonpayment of rent. The court

also determined that defendant anticipatorily breached the lease, and that an inquest on damages would be scheduled at a later date. Defendant now appeals.*

We affirm. It has long been established that "a tenant's election to renew a lease must be timely, definite, unequivocal and strictly in compliance with the terms of the lease" (*Matter of Joyous Holdings v Volkswagen of Oneonta*, 128 AD2d 1002, 1004 [1987]; *see Orr v Doubleday, Page & Co.*, 223 NY 334, 339 [1918]). In our view, the December 19, 2013 letter meets this standard—it is captioned as a "Lease Renewal" and described as a "formal notification" to extend the term in accord with the second lease amendment. We are not persuaded by defendant's assertion that the underscored last sentence of the first paragraph—"Specific terms and details of this extension to be determined prior to December 31, 2015"—makes this a qualified, conditional offer to extend the term. Significantly, the very next sentence includes the affirmative statement that "we regard our option to renew as exercised." While it is undisputed that defendant engaged in ongoing discussions with plaintiff over the next two years to explore changes to and reductions in the leased space, that effort does not change the unequivocal, definitive declaration that "we regard our option to renew as exercised" (*compare Matter of Joyous Holdings v Volkswagen of Oneonta*, 128 AD2d at 1003 [election to renew expressly contingent upon structural repairs being made]; *King v King*, 208 AD2d 1143, 1144 [1994] [changes requested in proposed separation agreement]).

We further reject defendant's contention that the renewal was indefinite and unenforceable because the essential term of rent was not defined. Where, as here, the parties did not leave the rental amount for the renewal period open to negotiation, we look to the terms of the original lease, as amended (*see Subcarrier Communications, Inc. v Satra Realty, LLC*, 11 AD3d 829, 831 [2004]). The premise for doing so is that "[o]nce the option is exercised, the original lease is deemed a unitary one for the extended term" (*Dime Sav. Bank of N.Y. v Montague St. Realty Assoc.*, 90 NY2d 539, 543 [1997]). Notably, the second lease amendment included a rent formula covering the five-year period up to December 31, 2015. Under the principles stated, this formula defines the rent due during the extension period.

---

* Since defendant does not raise any claims in its brief insofar as Supreme Court also granted plaintiff summary judgment on its third cause of action for specific performance, any such issue has been abandoned (*see Wiggins v Kopko*, 94 AD3d 1268, 1269 n 1 [2012]).

Finally, inasmuch as defendant acknowledged that it "peacefully quit the premises on or before May 31, 2016 and turned the keys over to" plaintiff's agent, Supreme Court did not err in finding an anticipatory breach (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 463 [1998]).

Garry, J.P., Rose, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.