Moore v Schuler-Haas Elec. Corp. (2023 NY Slip Op 03739)

Moore v Schuler-Haas Elec. Corp.

2023 NY Slip Op 03739

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

535246 535403
[*1]David S. Moore, Doing Business as DSM Real Estate, Appellant,
v
Schuler-Haas Electric Corp., Respondent.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

The Crossmore Law Office, Ithaca (Andrew P. Melendez of counsel), for appellant.
Ernstrom & Dreste, LLP, Rochester (Brian M. Streicher of counsel), for respondent.

Garry, P.J.
Appeals (1) from an order of the Supreme Court (Elizabeth Aherne, J.), entered April 18, 2022 in Tompkins County, which, among other things, granted defendant's motion for summary judgment on its counterclaim and dismissing the complaint, and (2) from the judgment entered thereon.
On June 1, 2014, the parties entered into a commercial lease for an initial term of five years with an option to renew the lease for one additional five-year term. To exercise that option, defendant, as the tenant, was required to provide plaintiff notice of its intent to do so by certified mail at least six months prior to the end of the lease term, or on or before November 30, 2018. It is undisputed that notice pursuant to those exact terms did not occur. On February 13, 2019, defendant emailed plaintiff regarding its tenancy and the subject option; the intent of that email is at the center of this appeal. Following the expiration of the original lease term, defendant remained in possession of the property and made rental payments to plaintiff in accord with the detailed renewal term payment schedule established within the original lease. In August 2021, defendant sought to terminate its rental obligations to plaintiff via a 30-day notice of termination, asserting that it was operating under a month-to-month tenancy. Plaintiff rejected that notice and asserted that defendant had exercised the renewal option via its February 2019 correspondence and was thus in the middle of a renewed five-year lease. Defendant discontinued payments and vacated the leased premises in September 2021.
Plaintiff thereafter commenced this action seeking a declaration that the lease, as renewed, remains in full force and effect, and that defendant remains obligated by its terms, together with a judgment in the sum of past due rent with interest. Defendant joined issue, setting forth several affirmative defenses and a counterclaim for the return of its security deposit. Following plaintiff's reply, defendant moved for summary judgment on its counterclaim and dismissing the complaint. Plaintiff opposed and cross-moved for summary judgment in his favor. Supreme Court granted defendant's motion in all respects and denied plaintiff's cross-motion, concluding that defendant did not exercise its renewal option, that the original lease thus expired and that the statute of frauds precluded a finding of any subsequent implied lease. Plaintiff appeals.
In support of its motion, defendant submitted the original lease, defendant's notice of termination, plaintiff's rejection thereof and an affidavit of defendant's president. In that affidavit, defendant's president avers that, in February 2019, by both email and voicemail, defendant notified plaintiff that it wished to enter into "a new tenancy" for five years, after the then-in-place tenancy expired, "under terms to be contained in a new written lease" and requested that plaintiff prepare such lease for defendant's review and signature. Plaintiff [*2]did not provide a new lease following this request, and defendant thus asserted that it was thereafter a hold-over with a month-to-month tenancy, terminable upon 30-days written notice in accord with both the Real Property Law and paragraph 17 of the original lease (see Real Property Law §§ 232-b, 232-c). Defendant asserted that, as the option to renew was not timely exercised and no new written agreement was reached, the notice of intent to terminate was proper. This proof constituted a prima facie showing of entitlement to judgment as a matter of law, and the burden accordingly shifted to plaintiff to raise a triable issue of material fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
To that end, plaintiff submitted his own affidavit and defendant's February 2019 email. That email, sent after the specified notice date but, importantly, prior to the expiration of the original lease term, states that defendant had left a voicemail for plaintiff, and that defendant "plan[ned] on signing another 5 year lease per the attached page 4, item 4 - Option to Renew Rates." Defendant requested that plaintiff "draft up a new lea[s]e . . . [s]tarting June 1[s]t for [defendant's] review and [s]ignature." Plaintiff confirmed receipt that same day, indicating that he would "follow up with appropriate paperwork."[FN1] He also inquired as to whether defendant "would . . . like a future 'option to renew' included." The record does not reveal whether defendant replied to that message, but plaintiff asserts that his acceptance of defendant's untimely election was confirmed by phone. Additionally, plaintiff asserts that defendant twice confirmed via phone call and/or voicemail that it was exercising its option to renew, in November 2018 and February 2019.
Initially, we agree with plaintiff that, to the extent that Supreme Court concluded that defendant could not have exercised the option to renew because the option lapsed after November 30, 2018, that finding was erroneous. Although an "optionee must exercise the option in accordance with its terms within the time and in the manner specified in the option" (Kaplan v Lippman, 75 NY2d 320, 325 [1990] [internal quotation marks and citation omitted]; see Fane v Chemung Canal Trust Co., 151 AD3d 1526, 1528 [3d Dept 2017]), the relevant case law establishes that the notice provision associated with the option was "solely for plaintiff's benefit as the landlord and may be waived, even in the absence of a written waiver" (Calkins Corporate Park, LLC v Eye Physicians & Surgeons of W. N.Y., P.L.L.C., 56 AD3d 1122, 1123-1124 [4th Dept 2008] [internal quotation marks and citation omitted]; see Anita Babikian, Inc. v TMA Realty, LLC, 78 AD3d 1088, 1090 [2d Dept 2010]). Here, plaintiff's assertion that he confirmed and accepted defendant's untimely election constitutes such waiver.
Further, where an option is exercised and all of the essential and material terms of the parties' agreement are provided for in the original [*3]lease, the fact that a party contemplates "the subsequent execution of a more formal writing [that was] not done will not impair [the] effectiveness" of the election (Calkins Corporate Park, LLC v Eye Physicians & Surgeons of W. N.Y., P.L.L.C., 56 AD3d at 1124 [internal quotation marks, brackets and citation omitted]; compare Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d 1010, 1013-1014 [3d Dept 2009]). Nor would plaintiff's inquiry as to whether defendant would like a future option to renew render defendant's exercise of the option conditional (see Fane v Chemung Canal Trust Co., 151 AD3d at 1528; compare Matter of Joyous Holdings v Volkswagen of Oneonta, 128 AD2d 1002, 1003 [3d Dept 1987]).
The core question is whether defendant exercised its option to renew, as a matter of law. Plaintiff views the February 2019 email as a straightforward exercise of the option, while defendant argues that its writing reveals its wish to enter into a separate tenancy under the terms of a new lease to be drafted by plaintiff, albeit utilizing the rates contemplated in the renewal schedule of the original lease. We find the February 2019 email to be ambiguous, due to both its phrasing and its incorporation of an attachment and, arguably, the contents of a voicemail message, neither of which have been supplied by the parties. Although the page attached to defendant's email was presumably page four of the original lease, which begins the option to renew provision, the email specifically refers to the option to renew rates.[FN2] As the parties' affidavits do not eliminate triable issues of fact as to defendant's intent, the motion and the cross-motion both should have been denied (see Anita Babikian, Inc. v TMA Realty, LLC, 78 AD3d at 1091). Finally, it bears noting that the exercise of the option would not be subject to the requirements of the statute of frauds (see Kaplan v Lippman, 75 NY2d at 324-325; Dynamic Med. Communications v Norwest Trade Printers, 257 AD2d 524, 525 [1st Dept 1999]).
The parties' remaining contentions are academic in light of our conclusion.
Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, with costs, by reversing so much thereof as granted defendant's motion; said motion denied; and, as so modified, affirmed.
ORDERED that the judgment is reversed, on the law, with costs.

Footnotes

Footnote 1: Defendant submitted plaintiff's acknowledgment email in opposition to plaintiff's cross-motion and in further support of its motion.

Footnote 2: It is not clear in the record before us that a document was ultimately attached to the subject email.