Matter of D.P.I. Imports, Inc v Q4 Designs, LLC (2024 NY Slip Op 05827)

Matter of D.P.I. Imports, Inc v Q4 Designs, LLC

2024 NY Slip Op 05827

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 651116/23, 651258/23 Appeal No. 3084-3085 Case No. 2023-04826, 2023-05768 

[*1]In the Matter of D.P.I. Imports, Inc, Petitioner-Respondent,
v
Q4 Designs, LLC, Respondent-Appellant.
Q4 Designs, LLC, Petitioner-Appellant,
v
D.P.I. Imports, Inc, Respondent-Respondent.

Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for appellant.
Albanese & Albanese LLP, Garden City (Diana C, Prevete of counsel), for respondent.

Judgment, Supreme Court, New York County (Lynn Kotler, J.), entered November 9, 2023, in favor of D.P.I. Imports, Inc. and against Q4 Designs, LLC in the principal amount of $323,814.45, and bringing up for review an order, same court and Justice, entered August 29, 2023, which denied Q4's petition to vacate the arbitration award and granted DPI's petition to confirm the award, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly confirmed the arbitration award, as Q4 failed to meet its high burden to vacate the award (see CPLR 7511[b][1][iii]; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020]; Azrielant v Azrielant, 301 AD2d 269, 275 [1st Dept 2002], lv denied 99 NY2d 509 [2003]). Contrary to Q4's contention, the arbitration panel's factual findings were not contradicted by the final award so as to render the award irrational. While the panel found that "the evidence may suggest" that Q4 had agreed to the sales and royalties amounts set forth in Exhibit D of the parties' license agreement before the deadline for the second renewal, the panel also found that "there is no evidence that, at any time before the June 30, 2017 notification deadline, Q4 put its agreement to those minimums for the Second Renewal Term in writing, much less made sure DPI had that writing prior to June 30, 2017," the contractual "time being of the essence" deadline. Rather, Q4, in expressing its desire to renew the license, sent a letter to DPI requesting an adjustment to minimum net sales and royalties. By introducing new terms inconsistent with the existing license agreement, neither Q4's letter, nor subsequent emails proposing amendments to the agreement, were a valid exercise of renewal rights under section 2.2 of the agreement (see Fane v Chemung Canal Trust Co., 151 AD3d 1526, 1528 [3d Dept 2017]; see also Four Seasons Hotels v Vinnik, 127 AD2d 310, 316 [1st Dept 1987] ["[t]here can be no contract absent a mutual intent to be bound"]).
Supreme Court also correctly found that the arbitration panel did not engage in misconduct or exceed its power by not ordering a forensic accounting of DPI's account pursuant to its Order No. 14 issued during the arbitration hearing. Since Order No. 14 was a nonfinal order that only mentioned forensic accounting as a potential remedy, and Q4 failed to demonstrate that it was foreclosed from presenting pertinent evidence given the panel's finding that alternative remedies were available and adequate, the arbitration panel's denial of Q4's request for a forensic accounting in the final order does not constitute a valid ground to vacate the award (see American Intl. Specialty Lines Ins. Co, 35 NY3d at 70; Azrielant v Azrielant, 301 AD2d at 275).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024